UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| THE WOLFINGTON GROUP, | ) | CIVIL ACTION NO. 05-30202-MAP |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| V. | ) |  |
|  | ) |  |
| BERTERA CHEVROLET, PONTIAC, BUICK, INC., | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**DEFENDANT'S PRETRIAL MEMORANDUM**

**1. AGREED FACTS**

For several years, the Wolfington Group ("Wolfington") and the Bertera Group ("Bertera") entered into a series of contracts in which Wolfington agreed to run promotional sales events at various car dealerships owned by members of Bertera. For these various sales promotions, Wolfington distributed mailers to alert potential customers of the promotional sales.

On October 3, 2000, Harry Wolfington registered the "Wolfington Group Invitation" with the U.S. Copyright Office. On March 4, 2004, Harry Wolfington registered the "Wolfington Letter – Revised" with the U.S. Copyright Office.

On September 29, 2003, Wolfington and Bertera entered into a contract whereby Wolfington agreed to conduct a series of promotional sales events in 2004 at one of Bertera's dealerships in Palmer, MA. Subsequent to the completion of sales promotions in 2004, Wolfington and Bertera ceased conducting business together.

**2. CONTESTED FACTS**

Plaintiff alleges that in November of 2003, Metro Jeep Chrysler (a member of the Bertera Group) distributed a mailing piece that was similar to the Wolfington mailing piece copyrighted in 2000 without Wolfington's authorization such that it constituted copyright infringement. Plaintiff further alleges that in August of 2005, Bertera conducted its own inventory sales event during which it used a promotional mailing piece that was virtually identical in content, form and approach to Wolfington's copyrighted and proprietary mailing piece that had been copyrighted in 2004.

Defendant denies that its promotional mailers were virtually identical or even substantially similar and denies that it committed copyright infringement. Defendant believes that Plaintiff copied its Wolfington mailing from common industry mailer sources and that it is not sufficiently original to be copyrightable. Defendant further alleges that Plaintiff owes it substantial monies for chargebacks.

**3.      STATEMENT OF THE EVIDENCE**

   **(a)            Plaintiff**


   **(b)            Defendant**

Defendant expects the evidence to show that Bertera conducted its own promotional sales event in August of 2005 during which it used its own distinct mailing piece. In preparation for the August 2005 sales event, Bertera sought to have a mailing piece created by Premium Productions. In conversations with staff at Premium Productions, Bertera sought to ensure that the mailing piece created for its promotional sale would be distinctive. The mailing piece that Bertera used for its August 2005 promotional sales event exhibits substantial differences from the Wolfington mailing piece, and thus Bertera's use of its distinct promotional mailing piece did not constitute copyright infringement.

Moreover, Defendant expects the evidence to show that in the car dealership industry many different dealers use direct mailings and many of those mailings exhibit similarities given the limited number of ways to advertise a promotional sale. Defendant expects the evidence to show that Plaintiff had access to and copied from substantially similar preexisting industry mailers.

Further, Defendant expects the evidence to show that due to the fact that Bertera sought to ensure that the mailing piece that it used in August 2005 would be distinctive from the mailing piece used by Wolfington, Plaintiff cannot show that Defendant's actions were willful and knowing.

In addition, Defendant expects the evidence to show that there are no profits attributable to the alleged infringement, that Plaintiff suffered no loss of profit or revenue due to the alleged infringement, and that Plaintiff suffered no actual damages as a result of the alleged infringement.

Finally, Defendant expects the evidence to show that it did not engage in unfair or deceptive acts or practices or unfair methods of competition in the conduct of its trade or business.

**4.  JURISDICTIONAL ISSUES**

    **(a)  <u>Plaintiff</u>**

    **(b)  <u>Defendant</u>**

    None.

**5.  QUESTIONS RAISED BY PENDING MOTIONS**

    **(a)  <u>Plaintiff</u>**

    **(b)  <u>Defendant</u>**

1. Motion to Bifurcate Liability and Damages.

**6.  ISSUES OF LAW**

    **(a)  <u>Plaintiff</u>**

    **(b)  <u>Defendant</u>**

1. Whether the merger doctrine precludes Plaintiff's copyright infringement claim given the limited means of expression through print advertisement.

2. Whether the doctrine of scenes a faire precludes Plaintiff's copyright infringement claim given that the elements contained in Wolfington's mailing piece are too commonplace to constitute protectible expression.

3. Whether Plaintiff copied its mailer from common industry mailer sources rendering it insufficiently original to be copyrightable.

4. Whether Defendant engaged in unfair and deceptive trade practices in violation of M.G.L. c. 93A.

5. Whether Defendant intentionally and willfully engaged in unfair and deceptive trade practices in violation of M.G.L. c. 93A.

6. Whether Plaintiff's claim of violation of M.G.L. c. 93A is preempted by its claim of copyright infringement.

7. Whether Defendant is an innocent infringer in connection with its alleged copyright infringement.

**7.    REQUESTED AMENDMENTS TO PLEADINGS**

    **(a)    <u>Plaintiff</u>**

    **(b)    <u>Defendant</u>**

1. Motion for Leave to Bring Counterclaim Against the Plaintiff.

2. Motion to Amend Answer.

**8.    ADDITIONAL MATTERS TO AID DISPOSITION**

    **(a)    <u>Plaintiff</u>**

    **(b)    <u>Defendant</u>**

Due to the fact that Defendant's new counsel received this case in December 2006, Defendant seeks to conduct further discovery, including depositions of Plaintiff's witnesses, and to compel supplemental discovery responses from Plaintiff.

**9.    PROBABLE LENGTH OF TRIAL**

    **(a)    <u>Plaintiff</u>**

    **(b)    <u>Defendant</u>**

Defendant estimates that trial will last approximately 4-5 full days.

**10.    LISTS OF WITNESSES**

    **(a)**    <u>**Plaintiff**</u>

    **(b)**    <u>**Defendant**</u>

Brian Yarrows
Bertera Chevrolet
1187 Thorndike Street
Palmer, MA 01069

Thomas Johnson
Premium Productions
118 N. Bedford, Suite 104
Kisco, NY 10549

Raznik Gharzarian
539 Riverdale Street
West Springfield, MA 01089

    Defendant reserves the right to supplement this list with additional witnesses, including expert witnesses. Defendant additionally reserves the right to call witnesses listed as potential witnesses by Plaintiff and to call additional witnesses as rebuttal witnesses, as necessary.

**11.**    **LISTS OF PROPOSED EXHIBITS**

    **(a)**    <u>**Plaintiff**</u>

    **(b)**    <u>**Defendant**</u>

1. 2000 Wolfington Registration with U.S. Copyright Office (including all deposited materials accompanying said Registration)
2. 2000 Wolfington Registered Mailing Piece
3. 2004 Wolfington Registration with the U.S. Copyright Office (including all deposited materials accompany said Registration)
4. Wolfington Mailing Piece
5. Bertera Mailing Piece dated
6. Other Mailing Pieces Used in the Industry
7. Contract Between Wolfington and Bertera (executed September 29, 2003)
8. Contract Between Wolfington and Bertera (executed July 6, 2002)
9. Contract Between Wolfington and Bertera (executed September 27, 2001)
10. Contract Between Wolfington and Bertera (executed October 29, 2001)

    Defendant reserves the right to supplement this list upon reasonable notice to Defendant and to the Court. Defendant further reserves the right to use at trial witnesses and exhibits listed by Plaintiff.

**12.    PROPOSED JURY INSTRUCTIONS**

   **(a)    <u>Plaintiff</u>**


   **(b)    <u>Defendant</u>**

   Defendant states that it will provide jury instructions upon resolution of pending discovery and motion issues.


**BERTERA CHEVROLET, PONTIAC,
BUICK, INC.**
By its attorney,


s/John A. Kiernan
John A. Kiernan, (BBO No. 271020)
Bonner, Kiernan, Trebach & Crociata, LLP
One Liberty Square, 6th Floor
Boston, MA 02109


## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that a true copy of the above document was served upon the attorney of records for each other party by e-mail on January 25, 2007 and in person on January 26, 2007.


                                                                                  s/John A. Kiernan
                                                                                  John A. Kiernan