UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| THE WOLFINGTON GROUP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action |
| | ) | Docket No. 05-30202-MAP |
| BERTERA CHEVROLET, PONTIAC, | ) | |
| BUICK, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S FINAL PRETRIAL MEMORANDUM**

Plaintiff, The Wolfington Group, by its undersigned counsel hereby submits its final Pretrial Memorandum in the above-captioned matter, in accordance with Local Rule 16.5.

**1.    EVIDENCE THAT WILL BE OFFERED BY PLAINTIFF:**

Since the late 1990s, The Wolfington Group has been engaged in the business of assisting car dealers with the sales of their inventory to consumers. Plaintiff contracts with dealers to conduct such sales promotions. Defendant sells vehicles at retail to customers. For several years beginning in 1999, Plaintiff contracted with Defendant to run sales events at various car dealerships owned by Defendant or related entities. In connection with those sales promotions, Plaintiff used its unique mailing piece to promote these sales events. The Plaintiff's mailing piece is subject to copyright protection under United States law.

On October 29, 2001, Plaintiff entered into a contract with Defendant to conduct a series of sales promotion events in 2002 at Defendant's Palmer dealership. In September 2003, Plaintiff entered into a contract with Defendant pursuant to which it agreed to conduct a series of promotional events in 2004 at Defendant's Palmer dealership.

In November 2003, another member of the Defendant's corporate dealerships distributed a promotional mailing piece similar to the Plaintiff's mailing piece without Plaintiff's authorization. Plaintiff brought this matter to Defendant's attention and demanded that Defendant cease and desist from further use of the mailing piece. In response, Defendant stated that it was ceasing all use of the mailing piece, was not aware that the use of the piece constituted copyright infringement, and agreed to refrain from using similar pieces in future mailings. Defendant expressly agreed that

> The Wolfington Group system and mail piece is copyrighted and proprietary . . . any additional use of these products is an infringement under applicable copyright laws.

In 2005, Defendant conducted its own inventory clearance event similar to those it had conducted with Plaintiff's assistance in the past. In connection with that event, Defendant used a promotional mailing piece which is virtually identical in content, form and approach to Plaintiff's copyrighted and proprietary mailing piece.

Plaintiff is entitled to statutory damages as a result of Defendant's infringement. Further, following Defendant's use of an infringing sales promotion, another dealer in Defendant's market cancelled a contract with Plaintiff for sales promotion. Plaintiff's damages for the lost promotion equal $213,084.

**2.    JURISDICTIONAL ISSUES:**

There are none.

**5.    PENDING MOTIONS:**

There are none.

**6.    ISSUES OF LAW:**

There are none.

7.  **REQUESTED AMENDMENTS TO PLEADINGS:**

There are none.

8.  **ADDITIONAL MATTERS TO AID DISPOSITION:**

Plaintiff believes that no further discovery is necessary and that the parties will benefit from alternative dispute resolution.

9.  **PROBABLE LENGTH OF TRIAL:**

Plaintiff estimates the trial will last 2 – 3 days.

10. **LIST OF WITNESSES:**

    1.  Harold Wolfington
        The Wolfington Group
        254 Western Avenue
        Augusta, ME  04330

    2.  Leland C. Glynn
        The Wolfington Group
        254 Western Avenue
        Augusta, ME  04330

    3.  Brian Yarrows
        Bertera Chevrolet
        1187 Thorndike Street
        Palmer, MA  01069

Plaintiff reserves the right to supplement this list with additional witnesses. Plaintiff additionally reserves the right to call any witnesses listed by Defendant and to call additional witnesses as rebuttal witnesses as necessary.

11. **LIST OF PLAINTIFF'S EXHIBITS:**

    1.  2000 Plaintiff's Copyright Registration

    2.  2000 Plaintiff's Mail Piece

    3.  2004 Plaintiff's Copyright Registration

    4.  2004 Plaintiff's Mail Piece

1195629.2

5. August 2003 Defendant's Mailing Piece

6. Contract between Plaintiff and Defendant executed September 29, 2003.

7. Contract between Plaintiff and Defendant executed July 6, 2002.

8. December 29, 2003 from David Murphy to Patricia Mathers (Exhibit D to the Complaint).

9. Contract between Plaintiff and Suburban.

Plaintiff reserves the right to supplement this exhibit list upon reasonable notice to Defendant and the Court.


Dated: February 5, 2007                    Respectfully Submitted,



       /s/Alfred C. Frawley/
Alfred C. Frawley
Roy T. Pierce
Preti Flaherty, LLP
One City Center, P.O. Box 9546
Portland, ME 04112-9546
(207) 791-3000
(207) 791-3111 [fax]
afrawley@preti.com

*Counsel for Plaintiff*
*The Wolfington Group*

4

1195629.2