# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ ) | CIVIL ACTION NO. 05-30202-MAP |
| THE WOLFINGTON GROUP,                ) | |
|                                      ) | |
|         **Plaintiff,**               ) | |
|                                      ) | |
| **V.**                               ) | |
|                                      ) | |
| BERTERA CHEVROLET, PONTIAC,          ) | |
| BUICK, INC.,                         ) | |
|                                      ) | |
|         **Defendant.**               ) | |
| _____) | |

**DEFENDANT, BERTERA CHEVROLET, PONTIAC, BUICK, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL THE PLAINTIFF TO COMPLETELY ANSWER INTERROGATORIES NUMBER 2(b-f), 4, 5, 7, 8, 12, 14 AND COMPLETELY RESPOND TO DOCUMENT PRODUCTION REQUESTS NUMBER 1(a), 1(b), 1(e), 1(f), 3, 6, AND 7**

NOW COMES, the Defendant, Bertera Chevrolet, Pontiac, Buick, Inc. ("Bertera"), and hereby moves, pursuant to F.R.C.P. 37(a) (2), for an order compelling the Plaintiff to completely answer Bertera's Interrogatories Nos. 2(b-f), 4, 5, 7, 8, 12 and 14 and completely respond to Bertera's Document Production Requests Nos. 1(a), 1(b), 1(e), 1(f), 3, 6 and 7 within ten days of this Court's order on this motion. A copy of the Plaintiff's Answers to Interrogatories is attached as *Exhibit "A"*. A copy of the Plaintiff's Responses to Production of Document Requests is attached as *Exhibit "B"*. As grounds in support hereof, Bertera states the following.

In a good faith effort to resolve a discovery dispute, counsel for Bertera and counsel for Wolfington conducted a discovery conference over the telephone on January 29, 2007, at approximately 11:00 a.m., in an effort to secure supplemental responses to the above-mentioned discovery requests. Although counsel for Wolfington agreed in principal to provide supplemental discovery responses, to date no supplementation has been provided.

## I.    FACTUAL BACKGROUND

This case involves allegations that in August of 2005 Bertera used a promotional mailing piece during an inventory sales event that was "virtually identical in content, form and approach" to a mailing piece that the Plaintiff, the Wolfington Group ("Wolfington") allegedly copyrighted in March of 2004.

For several years, Wolfington and Bertera entered into a series of contracts in which Wolfington agreed to run promotional sales events at various car dealerships owned by members of the Bertera Group.  As part of these various sales promotions, Wolfington distributed mailers to alert potential customers of the promotional sales.  On September 29, 2003, Wolfington and Bertera entered into a contract whereby Wolfington agreed to conduct a series of promotional sales events in 2004 at one of Bertera's dealerships in Palmer, Massachusetts.

In its complaint, Wolfington alleges that in November of 2003, Metro Jeep Chrysler (a member of the Bertera Group) distributed a mailing piece that was similar to another Wolfington mailing piece (which was allegedly copyrighted in 2000), without Wolfington's authorization, such that it constituted copyright infringement.  Wolfington further alleges that in August of 2005, Bertera conducted its own inventory sales event during which it used a promotional mailing piece (different from the one that it used in 2003) that was "virtually identical in content, form and approach" to the Wolfington mailing piece that had been copyrighted in 2004. Defendant denies that its promotional mailers were virtually identical or even substantially similar to the Wolfington mailing pieces, and it denies that it committed copyright infringement. On or about September 12, 2005, Wolfington filed suit against Bertera alleging copyright infringement regarding Bertera's 2005 promotional mailing piece and violations of M.G.L. ch. 93A.

## II.    ARGUMENT

Bertera seeks an order compelling Wolfington to completely answer Bertera's Interrogatories Nos. 2(b-f), 4, 5, 7, 8, 12 and 14 and completely respond to Bertera's Document Production Requests Nos. 1(a), 1(b), 1(e), 1(f), 3, 6 and 7.   Specifically, Bertera states the following:

## INTERROGATORY NO. 2(b-f):

b. Please state when and where the mailing piece was originally formulated or created, and describe in detail all circumstances that caused or led to the mailing piece being formulated or created.

c. Please state whether the mailing piece was based in any manner whatsoever upon any previous work or document.  If so, please identify such work or document completely.

d. If the author of the mailing piece received any assistance or collaboration from any other person in conceiving the idea of work and/or reducing it to expression, please identify each such person.

e. If the author of the mailing piece consulted any sources, including but not limited to other persons, books, records or documents, in formulating, creating or reducing the mailing piece to expression, please identify the same.

f. Please provide the resume or work history for the last 15 years of the author of the mailing piece.

## ANSWER NO. 2(b-f):

Henry Wolfington prepared the mailing piece on or about April 1, 1995.  The mailing piece has been registered with the U.S. Copyright and Trademark Office.  It is the original creative work of the Wolfington Group.

## ARGUMENT IN SUPPORT OF SUPPLEMENTATION:

Plaintiff's Answer is unclear as to what "prepare" indicates.  Information maintained by the U.S. Copyright Office indicates that the mailing piece was first published in 1999.  Further, Plaintiff's Answer fails to address subparts c-e.  Clearly, whether the Plaintiff relied on other sources is relevant to the litigation.  Further, Plaintiff's Answer fails to address subpart f entirely.

**INTERROGATORY NO. 4:**

If the mailing piece has ever been the subject of any other litigation, please identify each such action by stating:
    a.  the party or parties involved;
    b.  the case number for such action, and the court in which such action was brought; and
    c.  the disposition of each action.

**ANSWER NO. 4:**

The mailing piece has been the subject matter of other litigation. The Plaintiff objects to further responding to this interrogatory insofar as it is not likely to lead to the discovery of admissible evidence. Plaintiff does, however, state that there has been no adverse judgment invalidating or otherwise calling into question the validity of the copyright in the subject mailing piece.

**ARGUMENT IN SUPPORT OF SUPPLEMENTATION**

Clearly, evidence of other litigation involving the mailing piece is reasonably calculated to lead to the discovery of admissible evidence. The nature of the mailing piece as a copyrighted and proprietary document is essential to this litigation. As a result, the defense is entitled to the disclosure of other litigation involving the subject mailing piece.

**INTERROGATORY NO. 5:**

Please state all grounds upon which the plaintiff bases its claim that its sales system was proprietary, as alleged in paragraph 36 of the complaint.

**ANSWER NO. 5:**

The Wolfington [sic] has developed a sales system which is proprietary and is as acknowledged by the Defendant in entering into an agreement with it.

**ARGUMENT IN SUPPORT OF SUPPLEMENTATION**

This Answer fails to respond to the Interrogatory posed. The Interrogatory is not seeking to ascertain whether the Defendant acknowledged the sales system as being proprietary or not. Rather, the Interrogatory is seeking information to sustain the Plaintiff's assertion that the sales system is proprietary.

**INTERROGATORY NO. 7:**

Please give a detailed accounting of all damages, losses and expenses plaintiff claims to have incurred as a result of the copyright infringement, as alleged in Count I of the complaint.

**ANSWER NO. 7:**

The Plaintiff is entitled to civil damages for copyright infringement for each copyright infringement for up to $150,000.  It is believed that roughly 25,000 pieces were sent by the Defendant.

**ARGUMENT IN SUPPORT OF SUPPLEMENTATION**

Plaintiff's Answer is unclear as to what the Plaintiff is seeking for damages.  Plaintiff has failed to give a clear, total figure that it is seeking for damages and fails to either waive or identify all damages, losses and expenses incurred as a result of any alleged copyright infringement.

**INTERROGATORY NO. 8:**

Please give a detailed accounting of all damages, losses and expenses plaintiff claims to have incurred as a result of the unfair methods of competition and/or unfair or deceptive acts of [sic] practices, as alleged in Count II of the complaint.

**ANSWER NO. 8:**

Plaintiff has suffered lost income of $213,084.  The following table sets forth the proceeds from Plaintiff's sales events from June 2002 to August 2005.

| Date | Suburban Proceeds | Mail Income | Date | Proceeds Cancelled | Mail Income |
|---|---|---|---|---|---|
| 6-10-02 | $26,088.00 | $10,750.00 | 1-29-04 | cancelled | |
| 9-23-02 | $37,009.00 | $10,750.00 | 3-11-04 | $19,739.00 | $15,050.00 |
| 11-24-02 | $25,690.00 | $10,750.00 | 6-03-04 | $14,524.00 | $15,050.00 |
| 2-06-03 | $34,091.00 | $10,750.00 | 9-23-04 | $13,822.00 | $15,050.00 |
| 5-29-03 | $29,962.00 | $12,900.00 | 8-18-05 | $11,056.00 | $15,050.00 |
| 8-14-03 | $16,767.00 | $12,900.00 | | | |
| 11-6-03 | $20,006.00 | $12,900.00 | | | |

Following Bertera's use of an infringing sales promotion, Suburban cancelled the remainder of the contract.  Six contracted-for events were lost.  Since the average proceeds of the Suburban events was $35,514, the loss of six events totals $213,084.

**ARGUMENT IN SUPPORT OF SUPPLEMENTATION**

Plaintiff has not provided a sufficient explanation of the table offered in its Answer. Furthermore, Plaintiff does not indicate how many contracts it entered into with Suburban or how many vehicles it claims to have sold during its promotional sales with Suburban.

**INTERROGATORY NO. 12:**

Please identify when the plaintiff first began using the clause in the contract attached to the complaint as exhibit "C" concerning the mailing piece being copyrighted and proprietary, and state the circumstances surrounding the plaintiff's decision to do so.

**ANSWER NO. 12:**

The phrase was first used when the copyrighted piece was used.

**ARGUMENT IN SUPPORT OF SUPPLEMENTATION**

This Answer does not indicate a specific date (or year) during which the phrase was first used. Moreover, the description of the "copyrighted piece" is unclear given that Plaintiff refers to two different allegedly copyrighted pieces in its Complaint.

**INTERROGATORY NO. 14:**

Please identify the inventory clearance event referenced in paragraph 22 of the complaint by stating the identity of the dealership, the number of vehicles sold at that event, the gross revenue derived by the plaintiff from that event and an itemization of any loss or damage plaintiff claims to have sustained as a result of the defendant's actions as alleged in the complaint.

**ANSWER NO. 14:**

Responsive documents are enclosed relating to the contract with Suburban Chevrolet.

**ARGUMENT IN SUPPORT OF SUPPLEMENTATION**

Plaintiff did not provide any documents to the Defendant which evidence the number of vehicles sold at the particular event, the gross revenue derived by the plaintiff from the event, or an itemization of any loss or damage the plaintiff claims to have sustained as a result of the defendant's actions alleged in the complaint.

**REQUEST NO. 1(a):**

All documents evidencing the process whereby the mailing piece was originally formulated or created, including the circumstances that caused or led to the mailing piece being formulated or created.

**RESPONSE NO. 1(a):**

There are no documents responsive to items 1a-1d, aside from those attached to the Complaint. Plaintiff objects to requests 1e and 1f on the grounds that they call for information not likely to lead to the discovery of admissible evidence.

**ARGUMENT IN SUPPORT OF SUPPLEMENTATION:**

Plaintiff has failed to respond to this Request. Those items attached to the Complaint did not address whether the Plaintiff relied on other sources is relevant to the litigation.

**REQUEST NO. 1(b):**

All documents evidencing any previous work or document upon which the mailing piece was based.

**RESPONSE NO. 1(b):**

There are no documents responsive to items 1a-1d, aside from those attached to the Complaint. Plaintiff objects to requests 1e and 1f on the grounds that they call for information not likely to lead to the discovery of admissible evidence.

**ARGUMENT IN SUPPORT OF SUPPLEMENTATION:**

Plaintiff has failed to respond to this Request. Those items attached to the Complaint did not address whether the Plaintiff relied on other sources is relevant to the litigation.

**REQUEST NO. 1(e):**

The resume or other documents evidencing the work history for the last 15 years of Henry J. Wolfington, Jr.

**RESPONSE NO. 1(e):**

Plaintiff objects to requests 1e and 1f on the grounds that the call for information not likely to lead to discovery of admissible evidence.

**ARGUMENT IN SUPPORT OF SUPPLEMENTATION**

Clearly, evidence of the work history requested in this Document Request is reasonably calculated to lead to the discovery of admissible evidence. Plaintiff is alleging that his mailing piece is unique and proprietary, and thus the work history requested is relevant to determine what influences, if any, Mr. Wolfington was exposed to while allegedly creating this work.

**REQUEST NO. 1(f):**

The resume or other documents evidencing the work history for the last 15 years of Harry Wolfington.

**RESPONSE NO. 1(f):**

Plaintiff objects to requests 1e and 1f on the grounds that the call for information not likely to lead to discovery of admissible evidence.

**ARGUMENT IN SUPPORT OF SUPPLEMENTATION**

Clearly, evidence of the work history requested in this Document Request is reasonably calculated to lead to the discovery of admissible evidence. Plaintiff is alleging that his mailing piece is unique and proprietary, and thus the work history requested is relevant to determine what influences, if any, Mr. Wolfington was exposed to while allegedly creating this work.

**REQUEST NO. 3:**

All complaints evidencing any other litigation in which the mailing piece has ever been the subject matter of any other litigation, and all documents evidencing the disposition of each action.

**RESPONSE NO. 3:**

Plaintiff objects to this third request for production of documents insofar as it calls for information not likely to lead to the discovery of admissible evidence. Please see Plaintiff's response to Interrogatory Number 4.

**ARGUMENT IN SUPPORT OF SUPPLEMENTATION**

Clearly, evidence of other litigation involving the mailing piece is reasonably calculated to lead to the discovery of admissible evidence. The nature of the mailing piece as a copyrighted and proprietary document is essential to this litigation. As a result, the defense is entitled to the disclosure of other litigation involving the subject mailing piece in order to ascertain . . .

**REQUEST NO. 6:**

All documents evidencing the damages, losses and expenses plaintiff claims to have incurred as a result of the copyright infringement, as alleged in Count I of the complaint.

**RESPONSE NO. 6:**

See response to Interrogatory Number 8.

**ARGUMENT IN SUPPORT OF SUPPLEMENTATION**

Plaintiff's Answer to Interrogatory Number 8 consists of a table without a sufficient explanation of it. Furthermore, Plaintiff does not indicate how many contracts it entered into with Suburban, how many vehicles it claims to have sold during its promotional sales with Suburban. Clearly, this information is reasonably calculated to lead to the discovery of

8

admissible evidence given that the plaintiff is alleging that the damages that it suffered as a result of the defendant's conduct consisted of lost contracts with Suburban.

**REQUEST NO. 7:**

All documents evidencing the damages, losses and expenses plaintiff claims to have incurred as a result of the unfair methods of competition and/or unfair or deceptive acts or practices, as alleged in Count II of the complaint.

**RESPONSE NO. 7:**

See response to Interrogatory Number 9.

**ARGUMENT IN SUPPORT OF SUPPLEMENTATION**

Plaintiff refers Defendant to Interrogatory Number 9 and its response.  Interrogatory Number 9 states as follows:

Please give a detailed accounting of all damages, losses and expenses plaintiff claims to have incurred as a result of the breach of contract relating to indemnification for the Wolf action, as alleged in Count III of the complaint.

Plaintiff's Answer to Interrogatory Number 9 states as follows:

This aspect of the Complaint has been resolved.

Plaintiff's reference to its Answer to Interrogatory Number 9 does not respond to the Interrogatory posed.  Plaintiff's Answer to Interrogatory Number 9 refers to Count III of Plaintiff's Complaint which was subsequently withdrawn.  This Count has nothing to do with Plaintiff's assertion of M.G.L. ch.93A and any damages allegedly flowing therefrom.

WHEREFORE, the Defendant, Bertera Chevrolet, Pontiac, Buick, Inc. moves for an

Order compelling the Plaintiff, the Wolfington Group to completely answer Defendant's

Interrogatories Nos. 2(b-f), 4, 5, 7, 8, 12 and 14 and completely respond to Defendant's

Document Production Requests Nos. 1(a), 1(b), 1(e), 1(f), 3, 6 and 7 within ten days of this

Court's order, plus any other relief that is just and equitable under the circumstances.

**BERTERA CHEVROLET, PONTIAC, BUICK, INC.**
By its attorney,


s/John A. Kiernan
John A. Kiernan, (BBO No. 271020)
Bonner, Kiernan, Trebach & Crociata, LLP
One Liberty Square, 6th Floor
Boston, MA 02109

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
**********************************
THE WOLFINGTON GROUP          *
          Plaintiff           *
                              *    CIVIL ACTION NO. 05-30202-MAP
vs.                           *
                              *
BERTERA CHEVROLET PONTIAC     *
BUICK, INC.                   *
                              *
          Defendant           *
**********************************
```

PLAINTIFF'S RESPONSE TO
INTERROGATORIES OF THE DEFENDANT
PROPOUNDED TO THE PLAINTIFF

INTERROGATORIES

1.    Please identify the person answering these questions on behalf of the plaintiff, by giving your full name, age, residence, employer, business address and occupation.

RESPONSE:    Henry Wolfington, The Wolfington Group.

2.    a.    Please identify the author of the mailing piece.

      b.    Please state when and where the mailing pieced was originally formulated or created, and describe in detail all circumstances that caused or led to the mailing piece being formulated or created.

      c.    Please state whether the mailing piece was based in any manner whatsoever upon any previous work or document. If so, please identify such work or document completely.

      d.    If the author of the mailing piece received any assistance or collaboration from any other person in conceiving the idea of work and/or reducing it to expression, please identify each such person.

      e.    If the author of the mailing piece consulted any sources, including but not limited to other persons, books, records or documents, in formulating, creating or reducing the mailing piece to expression, please identify the same.

      f.    Please provide the resume or work history for the last 15 years of the author of the mailing piece.

RESPONSE:    Henry Wolfington prepared the mailing piece on or about April 1, 1995. The mailing piece has been registered with the U.S. Copyright and Trademark Office. It is the original creative work of the Wolfington Group.

3.    a.    Please state whether the mailing piece, or any part thereof or any reproduction thereof, was ever published without a notice of copyright affixed to it. If your answer is other than an unqualified negative, please describe the circumstances in detail.

      b.    If the plaintiff maintains that any such omission was accidental, describe in detail the circumstances under which such accidental omission arose, the person responsible for such accidental omission, the dates of each such accident omission, and the number of times, such an accidental omission occurred.

RESPONSE:    No.

4.    If the mailing piece has ever been the subject matter of any other litigation, please identify each such action by stating:

      a.    the party or parties involved;

1155263.2

1155263.2

b.      the case number for such action, and the court in which such action was brought;

and

c.      the disposition of each action.

RESPONSE:      The mailing piece has been the subject matter of other litigation. The Plaintiff objects to further responding to this interrogatory insofar as it is not likely to lead to the discovery of admissible evidence. Plaintiff does, however, state that there has been no adverse judgment invalidating or otherwise calling into question the validity of the copyright in the subject mailing piece.

5.      Please state all grounds upon which the plaintiff bases its claim that its sales system was proprietary, as alleged in paragraph 36 of the complaint.

RESPONSE:      The Wolfington has developed a sales system which is proprietary and is as acknowledged by Defendant in entering into an agreement with it.

6.      If the plaintiff or any of its agents, servants or employees, or anyone on its behalf, was ever denied registration for a copyright for the mailing piece, or any variation thereof, please describe the circumstances of the same in detail.

RESPONSE:      No.

7.      Please give a detailed accounting of all damages, losses and expenses plaintiff claims to have incurred as a result of the copyright infringement, as alleged in Count I of the complaint.

RESPONSE:      The Plaintiff is entitled to civil damages for copyright infringement for each copyright infringement for up to $150,000. It is believed that roughly 25,000 pieces were sent by the Defendant.

3

1155263.2

8.      Please give a detailed accounting of all damages, losses and expenses plaintiff claims to have incurred as a result of the unfair methods of competition and/or unfair or deceptive acts of practices, as alleged in Count II of the complaint.

RESPONSE:      Plaintiff has suffered lost income of $213,084. The following table sets forth the proceeds from Plaintiff's sales events from June 2002 to August 2005.

| Date | Suburban Proceeds | Mail Income | Date | Proceeds Cancelled | Mail Income |
|------|------|------|------|------|------|
| 6-10-02 | $26,088.00 | $10,750.00 | 1-29-04 | Cancelled | |
| 9-23-02 | $37,009.00 | $10,750.00 | 3-11-04 | $19,739.00 | $15,050.00 |
| 11-24-02 | $25,690.00 | $10,750.00 | 6-03-04 | $14,524.00 | $15,050.00 |
| 2-06-03 | $34,091.00 | $10,750.00 | 9-23-04 | $13,822.00 | $15,050.00 |
| 5-29-03 | $29,962.00 | $12,900.00 | 8-18-05 | $11,056.00 | $15,050.00 |
| 8-14-03 | $16,767.00 | $12,900.00 | | | |
| 11-6-03 | $20,006.00 | $12,900.00 | | | |

Following Bertera's use of an infringing sales promotion, Suburban cancelled the remainder of the contract. Six contracted-for events were lost. Since the average proceeds of the Suburban events was $35,514, the loss of six events totals $213,084.

9.      Please give a detailed accounting of all damages, losses and expenses plaintiff claims to have incurred as a result of the breach of contract relating to indemnification for the Wolf action, as alleged in Count III of the complaint.

RESPONSE:      This aspect of the Complaint has been resolved.

10.     Please identify all oral, written or electronic communications between the plaintiff and the defendant, or by anyone on their behalf, in which the plaintiff has sought or requested

4

1155263.2

indemnification from the defendant, as alleged in paragraph 15 of the complaint, including the identity of the response of the defendant or its agent.

RESPONSE:    This aspect of the Complaint has been resolved.

11.    Please identify all oral, written or electronic communications between the plaintiff, and the defendant, or by anyone on their behalf, discussing in any manner the inclusion of the indemnification clause in the agreement which is the subject of count III of the complaint.

RESPONSE:    This aspect of the case has been resolved.

12.    Please identify when the plaintiff first began using the clause in the contract attached to the complaint as exhibit "C" concerning the mailing piece being copyrighted and proprietary, and state the circumstances surrounding the plaintiffs decision to do so.

RESPONSE:    The phrase was first used when the copyrighted piece was used.

13.    Please identify each and every contract for services that the plaintiff has entered into with any automobile dealers of the Bertera Group (as referenced in paragraph 8 of the complaint).

RESPONSE:    Responsive documents are enclosed. This information is equally available to Defendant as it is to Plaintiff.

14.    Please identify the inventory clearance event referenced in paragraph 22 of the complaint by stating the identity of the dealership, the number of vehicles sold at that event, the gross revenue derived by the plaintiff from that event and an itemization of any loss or damage plaintiff claims to have sustained as a result of the defendant's actions as alleged in the complaint.

RESPONSE:    Responsive documents are enclosed relating to the contract with Suburban Chevrolet.

15.    Please state in detail all facts upon which the plaintiff claims that the defendants alleged infringement of the copyrighted work was intentional and/or willful.

RESPONSE:    Defendants were aware of and employed the Wolfington Group's copyrighted work. It was sent out on behalf of the Defendant in numerous previous sales efforts and it was acknowledged as Plaintiff's copyright work in the agreement between the parties.

DATED: 9/22, 2006

Henry Wolfington

State of Maine
Kennebec, ss.                    Date: 9-22-06

Personally appeared before me the above-named Henry Wolfington and made oath that the above statements made by him are true to the best of his knowledge, information and belief, and where based upon information and belief, he believes the same to be true.

ex pire
09 20 2012

Jacalyn C Craig
Notary Public

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
**********************************
THE WOLFINGTON GROUP            *
            Plaintiff           *
                                *
vs.                             *        CIVIL ACTION NO. 05-30202-MAP
                                *
BERTERA CHEVROLET PONTIAC       *
BUICK, INC.                     *
                                *
            Defendant           *
**********************************
```

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S REQUEST FOR
PRODUCTION OF DOCUMENTS
FROM THE PLAINTIFF**

### DOCUMENTS AND TANGIBLE THINGS REQUESTED TO BE PRODUCED

1.  a.  All documents evidencing the process whereby the mailing piece was originally formulated or created, including the circumstances that caused or led to the mailing piece being formulated or created.

    b.  All documents evidencing any previous work or document upon which the mailing piece was based.

    c.  All documents evidencing any sources, including but not limited to other persons, books, records or documents, that the author consulted in formulating, creating or reducing the mailing piece to expression.

    d.  The resume or other documents evidencing the work history for the last 15 years of the author of the mailing piece.

    e.  The resume or other documents evidencing the work history for the last 15 years of Henry J. Wolfington, Jr.

    f.  The resume or other documents evidencing the work history for the last 15 years of Harry Wolfington.

**RESPONSE:**    There are no documents responsive to items 1a-1d, aside from those attached to the Complaint. Plaintiff objects to requests 1e and 1f on the grounds that they call for information not likely to lead to the discovery of admissible evidence.

2.  All documents evidencing whether the mailing piece, or any part thereof or any reproduction thereof, was ever published without a notice of copyright affixed to it.

**RESPONSE:**    There are none.

3.  All complaints evidencing any other litigation in which the mailing piece has ever been the subject matter of any other litigation, and all documents evidencing the disposition of each action.

**RESPONSE:**    Plaintiff objects to the third request for production of documents insofar as it calls for information not likely to lead to the discovery of admissible evidence. Please see Plaintiff's response to Interrogatory Number 4.

4.  All documents evidencing that the plaintiffs sales system was proprietary, as alleged in paragraph 36 of the complaint.

**RESPONSE:**    Please see response to Interrogatory Number 5.

5.  All documents evidencing any denial of registration for a copyright for the mailing piece, or any variation thereof.

**RESPONSE:**    There are none.

1155261.2

1155261.2

2

6.  All documents evidencing the damages, losses and expenses plaintiff claims to have incurred as a result of the copyright infringement, as alleged in Count I of the complaint.

RESPONSE:    See response to Interrogatory Number 8.

7.  All documents evidencing the damages, losses and expenses plaintiff claims to have incurred as a result of the unfair methods of competition and/or unfair or deceptive acts or practices, as alleged in Count II of the complaint.

RESPONSE:    See response to Interrogatory Number 9.

8.  All documents evidencing the damages, losses and expenses plaintiff claims to have incurred as a result of the breach of contract relating to indemnification for the Wolf action, as alleged in Count III of the complaint, including but not limited to invoices for legal fees.

RESPONSE:    This issue has been resolved.

9.  All documents evidencing any and all oral, written or electronic communications between the plaintiff and the defendant, or by anyone on their behalf, in which the plaintiff has sought or requested indemnification from the defendant, as alleged in paragraph 15 of the complaint, including the response of the defendant or its agent.

RESPONSE:    This issue has been resolved.

10. All documents evidencing any and all oral, written or electronic communications between the plaintiff, and the defendant, or by anyone on their behalf, discussing in any manner the inclusion of the indemnification clause in the agreement which is the subject of count III of the complaint.

RESPONSE:    This issue has been resolved.

11. All contracts for services that the plaintiff has entered into with any automobile dealers of the Bertera Group (as referenced in paragraph 8 of the complaint).

RESPONSE:    See attached documents.

12. All documents relating to the inventory clearance event referenced in paragraph 22 of the complaint, including but not limited to the advertising or promotional brochure used by the plaintiff in connection therewith, the plaintiffs contracted with said dealership, and all documents evidencing the number of vehicles sold at that event, the gross revenue derived by the plaintiff from that event and an itemization of any loss or damage plaintiff claims to have sustained as a result of the defendant's actions as alleged in the complaint.

RESPONSE:    See attached documents.

13. All documents evidencing the plaintiff's claims that the defendant's alleged infringement of the copyrighted work was intentional and/or willful. 

RESPONSE:    See response to Interrogatory No. 5.

14. All documents evidencing the registration process with the U.S. Copyright Office concerning the registration of the mailing piece.

RESPONSE:    Defendant objects to this request for production of documents insofar as the registration process for the U.S. Copyright Office is a matter of public record. The registered copyright for the subject mailing piece was attached to the original Complaint. 

#10

DATED: __1/22__, 2006

Respectfully submitted,

Alfred C. Frawley, Bar No. 2547
Counsel for Plaintiff, The Wolfington Group

Preti, Flaherty, Beliveau & Pachios, LLP
One City Center
P.O. Box 9546
Portland, ME 04112-9546
Tel: (207) 791-3000
Fax: (207) 791-3111

---

ACCOUNTING DIVISION

INVENTORY CLEARANCE EVENT
• BY INVITATION ONLY •

BERTERA CHEVROLET PONTIAC BUICK
1167 THORNDIKE STREET • PALMER, MA 01069
(888) 302-7642 — www.bertera.com

## 3 DAYS ONLY!!!

| Thursday, | Friday, | Saturday, |
| August 18th | August 19th | August 26th |
| 9am-9pm | 9am-9pm | 9am-6pm |

** THIS WILL BE YOUR ONLY NOTICE **

BONUS:

TOLL FREE (888) 302-7642   NO. 0166-1601TP

PRE-QUALIFIED:   $24,652.00

TRADE-INS:

NOTICE: All pre-owned vehicles sold during sale will carry a FREE 100,000 mile warranty!!!
IMAGINE... Driving a new car for $50 to $150 less per month!!
THIS CAN AND DOES HAPPEN!!!

5

115361.2




**CERTIFICATION OFFICE**
JOHNSON, KRONEN & NOVA
118 N. BEDFORD RD.
MT. KISCO, NY 10549

## HUGE INVENTORY REDUCTION SALE - MAJOR DISCOUNTS
## • BY INVITATION ONLY •

Johnson, Kronen & Nova have been retained to sell off over $17.3 million worth of new and used cars, trucks, minivans, and sport utility vehicles from DaimlerChrysler Corporation, General Motors, Ford Motor Company, and select import manufacturers. Sponsored auction vehicles, dealer demos, rental and lease returns, factory program vehicles, local trade-ins, and dealership pre-owned vehicles will also be available.

*The chosen site for this event is:*

### Metro Jeep Chrysler (by BERTERA)
**484 Boston Road**
**Springfield, MA 01109**
## Toll Free: (800) 365-5337

*This private sales event will be held for 3 DAYS ONLY!:*

| | |
|---|---|
| **Friday, November 28th** | 9am-7pm |
| **Saturday, November 29th** | 10am-5pm |
| **Sunday, November 30th** | 11am-5pm |

To ensure the disposal of these vehicles, aggressive dealer discounts, combined with 0.0% APR FINANCING *(on select models)* will save you thousands of dollars. Pricing will start as low as $3,995. No dealers or brokers please. Reduce your current payment by $50, $100, or as low as $150 per month.

As a recipient of this invitation, your credit is virtually pre-approved. All credit applications will be accepted on-the-spot and will be processed immediately.

### THIS WILL BE YOUR ONLY NOTICE!

Bring this letter with you for admittance, as no mention of this event will be made to the public by way of newspaper or television.

**BONUS:**     *The attached check will be the exact amount you will receive off of your selected vehicle!*
Note: Checks will range from $400 to $3,300. For validation of your check, call toll free 1-800-365-5337 and ask a sales operator for your authorization number.

**TRADE-INS:**    Your trade-in will be purchased for top $$$ even if you still owe a balance. Please bring your title or payment book with you. IN MANY CASES, YOUR TRADE MAY BE THE ONLY DOWN PAYMENT YOU WILL NEED.

**NOTICE/FREE:**    Just for attending this special event, you will receive a $1,000 FREE SHOPPING SPREE, compliments of Metro Jeep Chrysler (by Bertera).




#9




#9

NOV. 10. 2004 3:18PM 41368 THE WOLFINGTON GROUP PAH CHEVROLET GEO    NO. 434   P. 201/002

 

**CERTIFICATION OFFICE**
JOHNSON, KRONEN & NOVA
118 N. BEDFORD RD.
MT. KISCO, NY 10549

## HUGE INVENTORY REDUCTION SALE - MAJOR DISCOUNTS
## • BY INVITATION ONLY •

Johnson, Kronen & Nova have been retained to sell off over $17.3 million worth of new and used cars, trucks, minivans and sport utility vehicles from DaimlerChrysler Corporation, General Motors, Ford Motor Company, and select import manufacturers. Sponsored auction vehicles, dealer demos, rental and lease returns, factory program vehicles, local trade-ins and dealership pre-owned vehicles will also be available.

### The chosen site for this event is:

### Metro Jeep Chrysler (by BERTERA)
### 484 Boston Road
### Springfield, MA 01109
### Toll Free: (800) 365-5337

### This private sales event will be held for 4 DAYS ONLY!:
**Saturday, November 15th**   **10am-5pm**
**Sunday, November 16th**   **11am-5pm**
**Monday, November 17th**   **9am-7pm**
**Tuesday, November 18th**   **9am-7pm**

To ensure the disposal of these vehicles, aggressive dealer discounts, combined with 0.0% FINANCING (on select models) will save you thousands of dollars. Pricing will start as low as $3,995. No dealers or brokers please. Reduce your current payment by $50, $100, or as low as $150 per month.

As a recipient of this invitation, your credit is virtually pre-approved. All credit applications will be accepted on-the-spot and will be processed immediately.

## THIS WILL BE YOUR ONLY NOTICE!
Bring this letter with you for admittance, as no mention of this event will be made to the public by way of newspaper or television.

**BONUS:**   **The attached check will be the exact amount you will receive off of your selected vehicle!** Note: Checks will range from $400 to $3,300. For validation of your check, call toll free 1-800-365-5337 (ask for sales operator) for your authorization number.

**TRADE-INS:**   Your trade-in will be purchased for top $$$ even if you still owe a balance. Please bring your title or payment book with you. IN MANY CASES, YOUR TRADE MAY BE THE ONLY DOWN PAYMENT YOU WILL NEED.

**NOTICE FREE:**

Must Present Invitation to take advantage of pricing and offers. This sale supersedes all other advertised sales/offers. *Free $300 is toward the purchase of a new vehicle. See dealer for complete details and limitations. Not resp. for typos. All offers expire 11/18/03 @ 7pm. ©2003 PP Inc.

Received Time nov.11.   3:27PM

---

NOV. 10. 2004  4:50PM   THE WOLFINGTON GROUP ...ton Group, Inc.    NO. 436   P. 3

99 Western Avenue
Augusta, ME 04330



## HUGE INVENTORY REDUCTION SALE - MAJOR DISCOUNTS
## • BY INVITATION ONLY •

Dear Andrew Doty,
The Wolfington Group, Inc. has been retained to sell off millions of dollars worth of new and used cars, trucks, minivans and sport utility vehicles from General Motors, Ford Motor Company, DaimlerChrysler Corporation, and other select import manufacturers. Sponsored auction vehicles, dealer demos, rental and lease returns, factory program vehicles, local trade-ins and dealership pre-owned vehicles will also be available.

### The chosen site for this event is:

### Bertera Chevrolet Oldsmobile Pontiac Buick
(Palmer Location Only)
1187 Thorndike Street
Palmer, MA 01069
Toll Free 1-877-896-7758

### This private sales event is held for 3 days only!
Friday October 31, 2003    9 am to 9 pm
Saturday November 1, 2003    9 am to 7 pm
Sunday November 2, 2003    10 am to 5 pm

To ensure the disposal of these vehicles, aggressive dealer discounts, combined with 0.0% APR Financing (on select models) will save you thousands of dollars. Pricing will start as low as $6,995. No dealers or brokers until Monday, November 3rd, 2003.

As a recipient of this invitation, your credit is virtually pre-approved. All credit applications will be accepted on-the-spot and will be processed immediately. Financing and lease specialists will arrange a payment to fit your budget. Bank representatives will also be available!

## THIS WILL BE YOUR ONLY NOTICE!

Bring this letter with you for admittance, as no mention of this event will be made to the public by way of newspaper or television.

**BONUS:**   **The attached check will be the exact amount you will receive on your selected vehicle! Note: Checks will range from $400 to $2,500. For validation of your check, call toll free 1-877-896-7758 (ask for operator #240) for your authorization number.**

**TRADE-INS:**   Your trade-in will be purchased for top $$$ even if you still owe a balance. Please bring your title or payment book with you. IN MANY CASES, YOUR TRADE MAY BE THE ONLY DOWN PAYMENT YOU WILL NEED.

**NOTICE:**   Just for attending this special event, you will receive an ORIGINAL TY BEANIE BABY, SWISS ARMY KNIFE, or a 48" UMBRELLA, compliments of Bertera Chevrolet Oldsmobile Pontiac Buick.

IMAGINE...DRIVING A NEW CAR FOR THE SAME PAYMENT...OR LESS THAN YOU'RE PAYING NOW. THIS CAN AND DOES HAPPEN!

Received Time Nov. 11. 4:59PM

NOV. 10. 2004  4:50PM    THE WOLFINGTON GROUP AND DOES HAPPEN!    NO. 436  P. 4

© The Wolfington Group, Inc. 1999

Received Time Nov.11.  4:59PM

---

NOV. 10. 2004  4:50PM    THE WOLFINGTON GROUP    NO. 436  P. 2



**WOLFINGTON GROUP**

99 Western Avenue
Augusta, ME 04330
Tel: (207) 622-1706 • Fax: (207) 622-8990

Bertera Chevrolet, Oldsmobile, Pontiac, Buick
1187 Thorndike Street
Palmer, MA 01069

### DIRECT MAIL AND SALE EVENT PROPOSAL

Provide the mail drop
With the following services:      Was / Is price tags, priced and hung
                                  Mailing manuscript
                                  Customer Registration forms
                                  Premium gifts for invited guests
                                  Receptionist/greeter

**PHASE ONE**
Wednesday
One member of team on site to manage sale preparedness 8 AM to close
**PHASE TWO**
Thursday
Full team, for training and sale preparedness, comprising desk, supplemental F&I and sales and closing
assistance.
9 AM to Close
**PHASE THREE**
Friday, Saturday and Sunday
Sale dates, full team on site, bell to bell

Monday, two member team, cleanup, funding of finance contracts, insurance and loose ends, 9 AM to 11 AM.
Final recap of sale with dealer and GM 11 AM to 12 Noon
$0.76 per name for 40,000 names
20% of front and back gross, holdback, and document fees sold/delivered Thursday, Friday, Saturday, and
Sunday (All sales, entire dealership).
Monday cleanup 8AM-12PM, no additional charge
Dealer acknowledges that The Wolfington Group system and mail piece is copyrighted and proprietary. This
agreement provides a license for one time use of these materials and system per event. Any additional use of
these products is an infringement under applicable copyright laws. Dealer agrees to indemnify and hold The
Wolfington Group harmless for actions arising from the sale of vehicles in association with this dealership.
$3,000.00 non-refundable deposit per event due on acceptance of terms to secure dates/times.
Balance of mail cost required two weeks before mail drop. Bertera will receive a $3,800.00 mail credit per event
in addition to their deposit.

Dates of Events

_____ .200
Apri1. 15, 16, 17, 18. 2004
Aug. 19, 20, 21, 22. 2004
Dec. 2, 3, 4, 5. 2004

_____  9/29/03
Authorized and binding signature of Dealer   date

_____
Harry Wolfington, Wolfington Group    date
                                      Confidential proposal

Received Time Nov.11.  4:59PM

NOV. 10. 2004  3:19PM   THE WOLFINGTON GROUP                    NO. 434   P. 3

Frank A. Caruso
Lori A. Landers
Mahan Khanbabai †
David M. Murphy
Brian G. Shea

† Also Admitted in New York



MULBERRY
L A W   G R O U P

127 Mulberry Street
P.O. Box 50058
Springfield, Massachusetts 01105-0058
Telephone (413) 733-3390
Facsimile (413) 781-8533
www.mulberrylawgroup.com



JAN - 2 2004

BOHAN, MATHERS & ASSOC, LLC

December 29, 2003

Patricia M. Mathers, Esquire
Bohan, Mathers & Associates
75 Market Street, 5th Floor
P. O. Box 17707
Portland, ME 04112-8707

RE:    Copyright Infringement

Dear Ms. Mathers:

    As you are aware, this office represents The Bertera Group in the above referenced matter. Upon receipt of your letter dated November 24, 2003, The Bertera Group immediately ceased all use of the letter described as The Wolfington Group's proprietary mailing piece (the "Letter").

    As in many business areas, direct mail is an accepted business practice in the automobile dealership industry. As direct mail is a widely utilized method of reaching customers, The Bertera Group will continue to make use of this common business practice. The Bertera Group was not aware its use of this particular Letter constituted a copyright infringement.

    The Bertera Group maintains an ongoing business relationship with The Wolfington Group. In an effort to maintain their good business relationship with Wolfington, Bertera will continue to comply with your client's request to refrain from using the Letter in all future mailings.

    We trust this action by the Bertera Group satisfies your client's concerns regarding any use of the Letter.

Sincerely,

David M. Murphy

cc:   R. Ghazarian

SCANNED

Received Time Nov.11   3:27PM

11/10/2003 1X:11# FAX   1413939939    SPRNGHM CHERVROLET WEB                    ⊠003/003

**#8**

CERTIFICATION OFFICE
REESE & ELMAC ASSOC., A NATIONAL MARKETING GROUP
6980 EAST ROUNTREE DRIVE
SCOTTSDALE, AZ 05260

## UNCLAIMED EXCESS INVENTORY & FLEET CANCELLATION SALE
### • BY INVITATION ONLY •

Reese & Elmac Assoc., a National Marketing Group, has been retained to sell off over $13.5 million worth of new and used cars, trucks, minivans and sport utility vehicles from Toyota, Nissan, Ford Motor Company, Daimler Chrysler Corporation and select imports. Numerous auction vehicles, dealer demos, rental and lease returns, factory program vehicles, local trade-ins and dealership pre-owned vehicles will also be available.



**MUST GO HERE TO THIS BUILDING!**

**THE CHOSEN SITE FOR THIS EVENT IS:**
**BERTERA CHRYSLER & MINIVAN OUTLET**
539 Riverdale St. • West Springfield, MA 01089
CALL (800) 249-4980 OR (413) 734-4980
THIS PRIVATE SALE WILL BE HELD FOR

**2 DAYS ONLY!**
THURS. JUNE 13 • 10 AM TO 9 PM
FRI. JUNE 14 • 10 AM TO 8 PM

Must Go To The Chrysler Showroom
(The One With The Blue Roof!)

**MUST GO HERE TO THIS BUILDING!**

To ensure the disposal of these vehicles, aggressive dealer discounts, combined with 0% APR financing for 60 months* (on select models) will save you thousands of dollars. With special 0% APR financing you may reduce your current payment $50.00, $100.00, or as much as $150.00 per month. Refinance your current payoff and reduce your payment. No dealers or brokers, please.

As a recipient of this invitation, your credit is virtually pre-approved. All credit applications will be accepted on-the-spot and will be processed immediately. Financing and lease specialists will arrange a payment to fit your budget. Bank representatives will also be available!

**BONUS CHECK:** The enclosed check will be the exact amount you will receive on your selected vehicle!** Note: Checks will range from $525 to $2,800. For further details please call Toll Free (800) 249-4980 or (413) 734-4980 and ask for ext. 271 to make an appt., or simply show up on the sale dates.

**FREE:** Just for attending this special event, you will receive a Special Gift, absolutely FREE, compliments of Bertera Chrysler & Minivan Outlet.

**TRADE-INS:** Your trade-in will be purchased for top $$$ even if you still owe a balance. Please bring your title or payment book with you. In many cases, your trade may be the only down payment you will need. WE WILL PAY OFF YOUR TRADE, NO MATTER HOW MUCH YOU OWE.***

















IMAGINE... REDUCING YOUR CURRENT PAYMENT BY $150 A MONTH WITH NO MONEY OUT OF YOUR POCKET. THIS CAN AND DOES HAPPEN!





---



Fed X
254734632

**#7**

WOLFINGTON GROUP

99 Western Avenue
Augusta, ME 04330
Tel: (207) 622-1706 • Fax: (207) 622-8990
Suburban Chevrolet
661 College Highway
Southwick, MA 01077

## DIRECT MAIL AND SALE EVENT PROPOSAL

Provide the mail drop
With the following services:    Was / Is price tags, priced and hung
Mailing manuscript
Customer Registration forms
Premium gifts for invited guests
Receptionist/greeter

**PHASE ONE**
Wednesday
One member of team on site to manage sale preparations 8 AM to close
**PHASE TWO**
Thursday
Full team, for training and sale preparations, comprising desk, supplemental F&I and sales and closing assistance.
9 AM to Close
**PHASE THREE**
Friday, Saturday and Sunday
Sale dates, full team on site, bell to bell

Monday, two member team, cleanup, funding of finance contracts, insurance and loose ends, 9 AM to 11 AM. Final recap of sale with dealer and GM 11 AM to 12 Noon.

$0.76 per name for 35,000 names
20% of front and back gross, holdback, and document fees sold/delivered Thursday, Friday, Saturday, and Sunday (All sales, entire dealership). Wolfington sales people will be paid 10% commission by dealer on their sales.
Monday cleanup 8AM-12PM, no additional charge
Dealer acknowledges that The Wolfington Group system and mail piece is copyrighted and proprietary. This agreement provides a license for one time use of these materials and system per event. Any additional use of these products is an infringement under applicable copyright laws. Dealer agrees to indemnify and hold The Wolfington Group harmless for actions arising from the sale of vehicles in association with this dealership. $3,000.00 non-refundable deposit per event due on acceptance of terms to secure dates/times. Balance of mail cost required two weeks before mail drop.

Dates of Events      Jan 29

3/11, 3/12, 3/13, 3/14 2004    6/3,4,5,6 '04

9/23/24/25/'04    9/23, 9/24, 9/25, 9/26 2004    Cancelled date in '05 TBA

10/7, 10/8, 10/9, 10/10 2004

_____          _____
Authorized and binding signature of Dealer          date

Blaine Ladd, Wolfington Group          date
Harry Waltmaster          Confidential proposal

## Left Document



**The Wolfington Group**

(logo: WOLFINGTON GROUP)

99 Western Ave.
Augusta, Maine 04330
Tel. (207) 622-1705  Fax (207) 623-1198

#6

Suburban Chevrolet
661 College Highway
Southwick, MA  01077

### DIRECT MAIL AND SALE EVENT PROPOSAL

Provide the mail drop
With the following services:

Was / Is price tags, priced and hung
Mailing manuscript
Customer Registration forms
Premium gifts for invited guests
Receptionist/greeter

#### PHASE ONE
Wednesday
One member of team on site to manage sale preparedness 8AM to close.

#### PHASE TWO
Thursday
Full team, for training and sale preparedness, comprising desk, supplemental F&I and sales and closing assistance, 9 AM to Close

#### PHASE THREE
Friday and Saturday + Sunday
Sale dates, full team on site, bell to bell

#### PHASE FOUR
Monday, two member team, cleanup, funding of finance contracts, insurance, and loose ends, 9 AM to 11 AM.
Final recap of sale with dealer and GM 11 AM to 12 Noon

$0.76 per name 30,000 names
20% of front and back gross, holdback, and document fees sold/delivered Thursday, Friday, Saturday and Sunday(All plan, entire dealership).
Monday cleanup 8AM-12PM, no additional charge
Dealer acknowledges that The Wolfington Group system and mail piece is copyrighted and proprietary. This agreement provides a license for one time use of these materials and system per event, any additional use of these products is an infringement under applicable copyright laws. Dealer agrees to indemnify and hold The Wolfington Group harmless for actions arising from the sale of vehicles in association with this dealership.
$3000.00 non refundable deposit per event due on acceptance of terms to secure dates/times
Balance of mail costs required two weeks before mail drop.

Dates of Events

_____     May 29,30,31 and June 1, 2003
Authorized and binding signature of Dealer     date

                                              August 14,15,16,17, 2003

_____     November 13,14,15,16, 2003
Leland Glynn, Wolfington Group     date
                                              January 29,30,31, and February 1,2004

## Right Document

97-03/02  MON 00:11 FAX 413 569 5933     SUBURBAN CHEVROLET     @002

**The Wolfington Group**     207 623 1198    207-H9 G2

99 Western Ave
Augusta, Me 04330

Phone (207) 622-1705

                                              96w.

Suburban Chevrolet
Southwick, MA          **DIRECT MAIL AND SALE EVENT PROPOSAL**

#5

Provide the mail drop
With the following services:

Was / Is price tags, priced and hung
Mailing manuscript
Customer Registration forms
Premium gifts for invited guests
Receptionist/greeter

#### PHASE ONE
Tuesday and Wednesday
Two member team on site for telephone tracking and effective phone techniques to manage and control traffic, and sale preparedness 8AM to close.

#### PHASE TWO
Thursday
Full team, for training and sale preparedness, comprising desk, supplemental F&I and sales and closing assistance, 9 AM to Close

#### PHASE THREE
Friday, Saturday and Sunday
Sale dates, full team on site, bell to bell

#### PHASE FOUR
Monday
Two member team, cleanup of undes if applicable, funding of finance contracts and loose ends, 9 AM to 11 AM.
Final recap of sale with dealer and GM 11 AM to 12 Noon

$0.76 per name  25,000 names
20% of front and back gross, holdback, and document fees sold/delivered Thursday, Friday, Saturday and Sunday (All sales, entire dealership)
Monday cleanup 8AM-12PM, no additional charge
Dealer agrees to indemnify and hold The Wolfington Group harmless for actions arising from the sale of vehicles in association with this dealership.

$3000.00 non refundable deposit due on acceptance of terms to secure dates/times
Balance of mail costs required two weeks before mail drop.

_____   7-26-02
Authorized and binding signature of Dealer     date

                                              OK Sept 19-22
                                              Dates of Event

Leland Glynn, Wolfington Group     date     OK Nov - 21-24

Confidential proposal        Jan - Dec - 31, 3

                                              OK Feb - 7-11

                                              PAID

                                              leo 7-11 '03



**WOLFINGTON GROUP**

99 Western Avenue
Augusta, ME 04330
Tel: (207) 622-1706 • Fax: (207) 622-8990

**#4**

Bertera Chevrolet, Oldsmobile, Pontiac, Buick
1187 Thorndike Street
Palmer, MA 01069

### DIRECT MAIL AND SALE EVENT PROPOSAL

Provide the mail drop
With the following services:

Was / Is price tags, priced and hung
Mailing manuscript
Customer Registration forms
Premium gifts for invited guests
Receptionist/greeter

#### PHASE ONE
Wednesday
One member of team on site to manage sale preparedness 8 AM to close
#### PHASE TWO
Thursday
Full team, for training and sale preparedness, comprising desk, supplemental F&I and sales and closing
assistance.
9 AM to Close
#### PHASE THREE
Friday, Saturday and Sunday
Sale dates, full team on site, bell to bell

Monday, two member team, cleanup, funding of finance contracts, insurance and loose ends, 9 AM to 11 AM.
Final recap of sale with dealer and GM 11 AM to 12 Noon
$0.76 per name for 40,000 names
20% of front and back gross, holdback, and document fees sold/delivered Thursday, Friday, Saturday, and
Sunday (All sales, entire dealership).
Monday cleanup 8AM-12PM, no additional charge
Dealer acknowledges that The Wolfington Group system and mail piece is copyrighted and proprietary.  This
agreement provides a license for one time use of these materials and system per event.  Any additional use of
these products is an infringement under applicable copyright laws.  Dealer agrees to indemnify and hold The
Wolfington Group harmless for actions arising from the sale of vehicles in association with this dealership.
$3,000.00 non-refundable deposit per event due on acceptance of terms to secure dates/times.
Balance of mail cost required two weeks before mail drop. Bertera will receive a $3,800.00 mail credit per event
in addition to their deposit.

Dates of Events
_____ .200__
_April 15, 16, 17, 18, 200_4_
_Aug. 19, 20, 21, 22, 200_4_
_Dec 2, 3, 4, 5 ___ 200_4_
Authorized and binding/signature of Dealer    9/29/03
date

* DATE CHANGE    cancelled 11/03
* Dec 9, 10, 11, 12, 2004

Harry Wolfington, Wolfington Group    date
Confidential proposal

---

**The Wolfington Group**

99 Western Ave Suite D
Augusta, Maine  04330

Phone (207) 622-1706
Cell    (603) 498-3363

Bertera GM Outlet
Palmer, MA

**#3**

... AGREEMENT TO PROVIDE
...TION

Provi...
With t...

REMITTANCE ADVICE
DETACH AND RETAIN

BERTERA Chevrolet Oldsmobile Pontiac Buick Inc.
Palmer, MA (01069-6899)

RACE THE WOLFINGTON GROUP

AMOUNT
9,000.00

CHECK NO.
28197

NET
AMOUNT
$9,000.00

POR
NUMBER
1/722-k

DATE
07/13/02

DESC
DEPOSIT ON SALES

NTS 9/11, 12, 13, 14, /2003
12, 11, 12, 13, 14 /03

PAID

2/27, 28, 1, 2 /03

**The Wolfington Group**

99 Western Ave  Suite D
Augusta, Maine  04330

Phone (207) 622-1706
Cell  (603) 498-3263

Bertera GM Outlet
Palmer, MA

## CONTRACT & AGREEMENT TO PROVIDE
### DIRECT MAIL PROMOTION

#2

Provide the mail drop
With the following services:

Was / Is price tags, priced and hung
Mailing  manuscript
Customer Registration forms
Additional receptionist/greeter in addition to team

### PHASE ONE

One member on site,  Wednesday for telephone assistance and management of traffic, and sale preparedness 8AM to close.

### PHASE TWO

Thursday, Friday, Saturday, and Sunday, Monday as required, full team for sale, comprising desk, supplemental F&I and sales and closing assistance, 9 AM to close.

### PHASE THREE

First business day following the event, two member team, cleanup of trades if applicable, funding of finance contracts and loose ends, 9 to 11AM.
Final recap of sale with dealer and GM 11 AM to 12 Noon.

### TERMS OF EVENTS

Contract is for three events during the following 12 months from the date of this contract.
$0.74 per name  25,000 names, minimum drops
20% of front and back gross sold/delivered during phase two (All sales, entire dealership).
Monday cleanup 9AM-12PM, no additional charge
Dealer agrees to indemnify and hold The Wolfington Group harmless from actions arising from the sale of vehicles from Dealer's place of business during the dates of sale.
$3000.00 per event, non refundable deposit, to be credited toward each of three events due on acceptance of terms to secure dates/times.
Balance of 15500.00, per event deposit required 14 days prior to mail drop.

DATES OF EVENTS          Sept 26, 27, 28, 29 2002

March 14, 15, 16, 17, 2002    July 11, 12, 13, 14, 2002    Oct 2002, Nov 1, 2, 3, 2002

_(signature)_  10/24/01        2/27, 28, 1, 2, /03

Authorized and binding signature of Dealer    date    12/11, 12, 13, 14 / 03

_(signature)_  Leland Glynn  Wolfington Group    10/22/01
                                                  date

---

PRATT CHEVY CALAIS MAINE    207 454 0602    p.2

**The Wolfington Group**

99 Western Ave  Suite D
Augusta, Me 04330

Phone (207) 622-1706

Bertera Chevrolet, Pontiac, Buick and Olds
157 Thorndike Street
Palmer, Ma.

#1

## DIRECT MAIL AND SALE EVENT PROPOSAL

Dates of event: Oct 25 to Oct 28, 2001
Provide the mail drop
With the following services:

Was / Is price tags, priced and hung
Mailing  manuscript
Customer Registration forms
Premium gifts for invited guests
Receptionist/greeter

### PHASE ONE
Tuesday and Wednesday
Two member team on site for telephone tracking and effective phone techniques to manage and control traffic, and sale preparedness 8AM to close.

### PHASE TWO
Thursday
Full team, for training and sale preparedness, comprising desk, supplemental F&I and sales and closing assistance, 9 AM to Close

### PHASE THREE
Friday, Saturday and Sunday
Sale dates, full team on site, bell to bell

### PHASE FOUR
Monday
Two member team, cleanup of trades if applicable, funding of finance contracts and loose ends, 9 AM to 11 AM.
Final recap of sale with dealer and GM 11 AM to 12 Noon

$0.74 per name  25,000 names
20% of front and back gross sold/delivered Thursday, Friday, Saturday and Sunday (All sales, entire dealership)
Monday cleanup 9AM-12PM, no additional charge
Dealer agrees to indemnify and hold The Wolfington Group harmless for actions arising from the sale of vehicles in association with this dealership.

Mail costs of $18500.00 due by October 2, 2001 to secure dates and time.

_(signature)_  9/27/01
Authorized and binding signature of Dealer    date

_(signature)_  9/27/01
Leland Glynn, Wolfington Group    date

Confidential proposal