UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| THE WOLFINGTON GROUP, | ) | CIVIL ACTION NO. 05-30202-MAP |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| V. | ) |  |
|  | ) |  |
| BERTERA CHEVROLET, PONTIAC, BUICK, INC., | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**DEFENDANT, BERTERA CHEVROLET, PONTIAC, BUICK, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS ANSWER TO AMEND ITS RESPONSE TO PARAGRAPH 18 OF THE PLAINTIFF'S COMPLAINT**

NOW COMES the Defendant, Bertera Chevrolet, Pontiac, Buick, Inc. ("the Bertera Group" or "Bertera"), by and through its attorney, John A. Kiernan, and hereby moves, pursuant to F.R.C.P. (15)(a), to amend its Answer to the Plaintiff's Complaint to amend its response to paragraph 18. *See Exhibit "A", Defendant's Answer and Counterclaim.* As grounds in support hereof, Bertera states that the Plaintiff will not suffer any prejudice as a result of the amendment. In further support thereof, Bertera states as follows:

I. FACTUAL BACKGROUND

This case involves allegations that in August of 2005 Bertera used a promotional mailing piece during an inventory sales event that was "virtually identical in content, form and approach" to a mailing piece that the Plaintiff, the Wolfington Group ("Wolfington") allegedly copyrighted in March of 2004.

For several years, Wolfington and Bertera entered into a series of contracts in which Wolfington agreed to run promotional sales events at various car dealerships owned by members

of the Bertera Group. As part of these various sales promotions, Wolfington distributed mailers to alert potential customers of the promotional sales. On September 29, 2003, Wolfington and Bertera entered into a contract whereby Wolfington agreed to conduct a series of promotional sales events in 2004 at one of Bertera's dealerships in Palmer, Massachusetts.

In its complaint, Wolfington alleges that in November of 2003, Metro Jeep Chrysler (a member of the Bertera Group) distributed a mailing piece that was similar to another Wolfington mailing piece (which was allegedly copyrighted in 2000), without Wolfington's authorization, such that it constituted copyright infringement. Wolfington further alleges that in August of 2005, Bertera conducted its own inventory sales event during which it used a promotional mailing piece (different from the one that it used in 2003) that was "virtually identical in content, form and approach" to the Wolfington mailing piece that had been copyrighted in 2004. Defendant denies that its promotional mailers were virtually identical or even substantially similar to the Wolfington mailing pieces, and it denies that it committed copyright infringement. On or about September 12, 2005, Wolfington filed suit against Bertera alleging copyright infringement regarding Bertera's 2005 promotional mailing piece and violations of M.G.L. ch. 93A.

Bertera's personal counsel filed an Answer to the Complaint on or about October 12, 2005. Bertera subsequently notified its insurer, Arbella Insurance Company ("Arbella"), of the suit. Arbella selected this firm, in December of 2006, to represent Bertera's rights regarding the copyright infringement claim. Bertera seeks to amend its response to paragraph number 18 in its Answer to Wolfington's Complaint.

Paragraph 18 of Wolfington's Complaint states as follows:

Soon thereafter, in November 2003, Metro Jeep Chrysler, a member of the Bertera group of dealerships located in Springfield, Massachusetts, distributed or caused to be distributed a promotional mailing piece (the "Metro Piece") similar to the Wolfington Mailing Piece without Wolfington's authorization. Wolfington

> immediately brought this matter to the Bertera Group's attention, stating that the Metro Piece infringed Wolfington's copyright for the Wolfington Mailing Piece and demanding that the Bertera Group cease and desist from further use of the Metro Piece.

In its original response to paragraph number 18, Bertera answered "Admitted." Bertera seeks to amend its response to paragraph number 18 so that it will now read:

> Denied as stated. In November 2003, Metro Jeep Chrysler, a member of the Bertera group of dealerships located in Springfield, Massachusetts, distributed or caused to be distributed a promotional mailing piece that was not substantially similar to the Wolfington Mailing Piece.

II. STANDARD OF LAW

"Rule 15(a) of the Federal Rules of Civil Procedure provides that parties may amend their pleadings 'by leave of the court,' and such leave 'shall be freely given when justice so requires.'" *Martin v. Sands*, 62 F.Supp.2d 196, 198 (D.Mass. 1999). This rule is liberally interpreted to mean that in the absence of any undue prejudice to other parties, undue delay, bad faith or repeated failures to cure defects by previously allowed amendments, leave should be granted. *Baybank Connecticut, N.A. v. Kravitz*, 170 F.R.D. 343, 344 (D.Mass. 1997).

III. ARGUMENT

No prejudice or delay will result by allowing Bertera to amend its response to paragraph number 18 in its Answer to Wolfington's Complaint. Additional counsel for Bertera was engaged in December of 2006. The subsequent hiring of additional counsel caused Bertera to realize that an amendment to its Answer is necessary. Bertera now seeks leave to amend its response to paragraph 18 of Wolfington's Complaint in order to clarify its position regarding the circumstances surrounding the promotional mailing piece that Bertera used in 2003. The focus of this litigation, however, is upon Wolfington's allegations that Bertera's use of its 2005 promotional mailing piece constituted copyright infringement. Thus, Bertera's request for leave to amend its response to

paragraph 18 of Wolfington's Complaint will not prejudice the plaintiff given that the amendment will neither alter the focus of the litigation nor change the theory of the case.

Furthermore, Bertera seeks to amend its response to paragraph 18 of Wolfington's Complaint in order to prevent any legal confusion that may result from the manner in which Bertera's response is currently phrased. Specifically, the legal standard for the determination of copyright infringement is whether the allegedly infringing document is "substantially similar" to the original work. *Yankee Candle Company, Inc. v. Bridgewater Candle Company*, LLC, 99 F.Supp.2d 140, 144 (D.Mass 2000). Thus, the use of the word "similar" on its own could lead to jury confusion. Thus, Bertera seeks to amend its response to paragraph 18 in order to prevent jury confusion regarding the proper legal standard to assess copyright infringement and Bertera's intended characterization of the mailing piece that it used in its 2003 sales promotion.

Consequently, given that Bertera has not engaged in bad faith and no undue prejudice will be bestowed upon the plaintiff as a result of the amendment to Bertera's response to paragraph 18 of the Wolfington's Complaint, leave to amend is appropriate.

WHEREFORE, the Defendant, Bertera Chevrolet, Pontiac, Buick, Inc. respectfully requests that this Court grant it leave to amend its answer to amend its response to paragraph 18 of the Plaintiff's Complaint.

**BERTERA CHEVROLET, PONTIAC, BUICK, INC.**
By its attorney,

s/John A. Kiernan
John A. Kiernan, (BBO No. 271020)
Bonner, Kiernan, Trebach & Crociata, LLP
One Liberty Square, 6th Floor
Boston, MA 02109

5

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THE WOLFINGTON GROUP,<br><br>Plaintiff,<br><br>V.<br><br>BERTERA CHEVROLET, PONTIAC, BUICK, INC.,<br><br>Defendant. | CIVIL ACTION NO. 05-30202-MAP |

DEFENDANT, BERTERA CHEVROLET, PONTIAC, BUICK, INC.'S ANSWER,
AFFIRMATIVE DEFENSES AND COUNTERCLAIM

The Defendant, Bertera Chevrolet, Pontiac, Buick, Inc. ("Bertera") responds to the numbered paragraphs of the Complaint as follows:

1. Admitted.

2. Admitted.

3. Admitted to the first sentence of paragraph three, denied as to the remainder.

4. Admitted.

5. Admitted.

6. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph six of the Complaint.

7. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph seven of the Complaint.

8. Admitted.

9. Admitted as to the first sentence of paragraph nine. Denied as to the remainder of the paragraph as there is no Exhibit A attached to the Complaint.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph fourteen of the Complaint.

15. Admitted.

16. Admitted as to the first sentence of paragraph sixteen. Denied as to the remainder of the paragraph as there is not an Exhibit C attached to the Complaint.

17. Denied.

18. Denied as stated. In November of 2003, Metro Jeep Chrysler (a member of the Bertera group of dealerships located in Springfield, MA) distributed or caused to be distributed a promotional mailing piece that was not substantially similar to the Wolfington Mailing Piece.

19. Admitted.

20. Admitted.

21. Denied.

22. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph twenty-two of the Complaint.

23. Denied.

## COUNT I
(Copyright Infringement)

24. Defendant incorporates by reference its responses to paragraphs one through twenty-three of the Complaint.

25. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph twenty-five of the Complaint.

26. Denied.

27. Denied.

28. Denied.

2

29. Denied.

30. Denied.

31. Denied.

32. Denied.

## COUNT II
(Violation of Massachusetts Consumer Protection Act, M.G.L. ch 93A)

33. Defendant incorporates by reference its responses to paragraphs one through twenty-three of the Complaint.

34. Admitted.

35. Admitted.

36. Denied.

37. Denied.

38. Denied.

### AFFIRMATIVE DEFENSES

#### FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

#### SECOND AFFIRMATIVE DEEFENSE

Plaintiff has suffered no harm nor is there a likelihood of harm.

#### THIRD AFFIRMATIVE DEFENSE

Plaintiff's copyright infringement claim is barred by the doctrine of scenes a faire.


WHEREFORE, the Defendant respectfully requests judgment for the Defendant with costs and interest and other such remedies which the Court deems just.

3

## DEFENDANT'S COUNTERCLAIM

As for its counterclaim, Defendant states the following:

### Parties

1. The Bertera Group ("Bertera") is a corporation organized and existing under the laws of the Commonwealth of Massachusetts.

2. The Wolfington Group ("Wolfington") is a business corporation duly organized and existing under the laws of the State of Maine, with its principal place of business in Augusta, Kennebec County, Maine.

### Jurisdiction and Venue

3. This court has jurisdiction over the subject matter of this Counterclaim pursuant to 28 U.S.C. §1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and (c), and 28 U.S.C. §1400(a), because the events giving rise to the claim occurred in this district.

### Facts

5. For several years, Wolfington and Bertera entered into a series of contracts in which Wolfington agreed to run promotional sales events at various car dealerships owned by members of Bertera.

6. In return for services rendered by Wolfington, Bertera agreed to pay Wolfington a percentage of the profits that Bertera earned as a result of the promotional sales events conducted with Wolfington.

7. Bertera paid Wolfington that percentage at or near the time that its promotional sales were conducted.

8. Subsequent to these promotional sales, Bertera became obligated to pay certain charge-backs, which in turn reduced Bertera's profits that it made from the promotional sales conducted with Wolfington.

9. As a result, the profits that Bertera earned from its promotional sales were decreased.

10. Consequently, the amount that Wolfington was owed pursuant to its contracts with Bertera was also decreased.

11. However, since Wolfington was paid at or near the time of the promotional sales, Wolfington was overcompensated for its services pursuant to its contracts with Bertera.

12. Wolfington is contractually obligated to reimburse Bertera for the overpayments.

13. To date, Wolfington has failed to reimburse Bertera the amount by which it was overcompensated.

## COUNT I
### (Breach of Contract)

14. Defendant repeats and realleges the allegations contained in paragraphs one (1) through thirteen (13) above as though fully set forth herein.

15. Wolfington has breached the conditions of its various contracts with Bertera by failing to reimburse Bertera for those amounts for which it was overcompensated.

16. Bertera has suffered actual damages as a result of Wolfington's breach of contract in the amount of $174,000.

WHEREFORE, the Defendant respectfully requests judgment for the Defendant in the amount of $174,000, in addition to costs and interest and other such remedies which the Court deems just.

**BERTERA CHEVROLET, PONTIAC, BUICK, INC.**
By its attorney,

s/John A. Kiernan
John A. Kiernan, (BBO No. 271020)
Bonner, Kiernan, Trebach & Crociata, LLP
One Liberty Square, 6th Floor
Boston, MA 02109