# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____ )    CIVIL ACTION NO. 05-30202-MAP

**THE WOLFINGTON GROUP,**            )
                                     )
      **Plaintiff,**              )
                                     )
**V.**                               )
                                     )
**BERTERA CHEVROLET, PONTIAC,**      )
**BUICK, INC.,**                     )
                                     )
      **Defendant.**              )
_____)

**DEFENDANT, BERTERA CHEVROLET, PONTIAC, BUICK, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS ANSWER TO ASSERT A COUNTERCLAIM AGAINST THE PLAINTIFF**

NOW COMES the Defendant, Bertera Chevrolet, Pontiac, Buick, Inc. ("Bertera" or "Defendant"), by and through its attorney, John A. Kiernan, and hereby moves, pursuant to F.R.C.P. 15(a) and (13)(f), to amend its Answer to the Plaintiff's Complaint to assert a counterclaim against the Plaintiff. *See Exhibit "A", Defendant's Answer and Counterclaim.* As grounds in support hereof, Bertera states that the plaintiff will not suffer any prejudice as a result of the inclusion of Bertera's counterclaim in the pending litigation, given that the plaintiff was apprised of the basis for Bertera's counterclaim previously and has received documentation supporting said counterclaim. In further support thereof, Bertera states as follows:

I.      FACTUAL BACKGROUND

This case involves allegations that in August of 2005 Bertera used a promotional mailing piece during an inventory sales event that was "virtually identical in content, form and approach" to a mailing piece that the Plaintiff, the Wolfington Group ("Wolfington") allegedly copyrighted in March of 2004. The Defendant, Bertera, denies the allegations and avers that any advertising

material utilized by Bertera was not substantially similar to any protected Wolfington materials and, in fact, was in conformance with materials commonly used in the industry to promote automobile sales.

For several years, Wolfington and Bertera entered into a series of contracts in which Wolfington agreed to run promotional sales events at various car dealerships owned by members of Bertera.  For these various sales promotions, Wolfington distributed mailers to alert potential customers of the promotional sales.  On September 29, 2003, Wolfington and Bertera entered into a contract whereby Wolfington agreed to conduct a series of promotional sales events in 2004 at one of Bertera's dealerships in Palmer, Massachusetts.

In its complaint, Wolfington alleges that in November of 2003, Metro Jeep Chrysler, a member of the Bertera Group, distributed a mailing piece that was similar to a Wolfington mailing piece (which was allegedly copyrighted in 2000), without Wolfington's authorization, such that it constituted copyright infringement.  Wolfington further alleges that in August of 2005, Bertera conducted its own inventory sales event during which it used another promotional mailing piece that was "virtually identical in content, form and approach" to a mailing piece that had been copyrighted by Wolfington in 2004.  Defendant denies that its August 2005 promotional mailing piece was virtually identical, or even substantially similar, to Wolfington's mailing piece allegedly copyrighted in 2004.  Further, Bertera denies that it committed copyright infringement.  On or about September 12, 2005, Wolfington filed suit against Bertera alleging copyright infringement regarding Bertera's 2005 mailing piece, violation of M.G.L. ch. 93A, and breach of contract.

Attorney David M. Murphy filed an Answer to the Complaint on or about October 12, 2005. The parties subsequently agreed to mediate the dispute in September of 2006.  At that time, Bertera

was represented by Attorney Christopher J. Brown, Bertera's personal counsel. During the mediation, Bertera's personal counsel raised the issue of certain charge-backs, related to promotional sales conducted by Bertera and Wolfington, for which Wolfington had failed to reimburse Bertera. According to Bertera's personal counsel, he first learned of the charge-back issue when speaking to his client in June of 2006. Bertera's personal counsel has stated that he initially raised the charge-back issue with counsel for Wolfington in July of 2006, however, counsel for Wolfington has stated that the issue was initially raised in October of 2006.

Bertera's personal counsel raised the issue regarding the charge-backs before Magistrate Judge Neiman. According to Bertera's personal counsel, during that discussion the parties addressed the characterization of the Defendant's proposed counterclaim. Bertera's personal counsel recounted that the plaintiff took the position that the counterclaim was compulsory while Bertera's personal counsel took the position that the counterclaim was permissive.[1] According to Bertera's personal counsel, after hearing the parties on the issue of Bertera's counterclaim, Magistrate Judge Neiman determined that the defendant could not assert its counterclaim on the grounds that it was too late.

Thereafter, in a letter dated October 25, 2006, Bertera's personal counsel again informed counsel for Wolfington of Bertera's charge-back claim. *See Exhibit "B", Letter from Christopher J. Brown, Esq.* Documentation supporting the charge-back claim was attached to the October 25, 2006 letter sent to counsel for Wolfington. By letter dated November 1, 2006, counsel for the plaintiff stated that he had "received the materials related to the chargeback issue you raised, and have shared them with my client." *See Exhibit "C", Letter from Alfred C. Frawley.*

Bertera subsequently notified its insurer, Arbella Insurance Company ("Arbella"), of the

---

[1] According to Bertera's personal counsel, Magistrate Judge Neiman did not make a definitive ruling regarding the proper characterization of Bertera's counterclaim.

suit.  Arbella selected this firm, in December of 2006, to represent Bertera's rights regarding the copyright infringement claim.  Bertera seeks to assert a counterclaim in order to resolve all matters in dispute arising out of the contracts entered into between Bertera and Wolfington.  Specifically, Bertera seeks to assert a counterclaim against Wolfington for breach of contract arising from Wolfington's failure to reimburse Bertera for certain charge-backs Bertera was compelled to pay on behalf of both Bertera and Wolfington related to promotional sales conducted by Bertera and Wolfington.

## II.     STANDARDS OF LAW

"Rule 15(a) of the Federal Rules of Civil Procedure provides that parties may amend their pleadings 'by leave of the court,' and such leave 'shall be freely given when justice so requires.'" *Martin v. Sands*, 62 F.Supp.2d 196, 198 (D.Mass. 1999).  This rule is liberally interpreted to mean that in the absence of any undue prejudice to other parties, undue delay, bad faith or repeated failures to cure defects by previously allowed amendments, leave should be granted.  *Baybank Connecticut, N.A. v. Kravitz*, 170 F.R.D. 343, 344 (D.Mass. 1997).

Federal Rule of Civil Procedure 13(f) provides that "[w]hen a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment."  "When assessing 'excusable neglect', courts typically consider 1) the good faith of the claimant, 2) the extent of the delay, and 3) the danger of prejudice to the opposing party."  *Cabana v. Forcier et al.*, 200 F.R.D. 9, 13 (D.Mass. 2001).  "Rule 13(f) … is interpreted liberally, and amendment is freely granted in order to settle all claims in one action."  *Id.* (*quoting Salomon S.A. v. Alpina Sports Corp.*, 737 F.Supp. 720, 721 (D.N.H. 1990)).

A magistrate's ruling on a nondispositive pretrial matter may be reconsidered and

reversed by the district judge if it is clearly erroneous or contrary to law. *Quaker State Oil Refining Corporation v. Garrity Oil Company*, 884 F.2d 1510, 1517 (1st Cir. 1989).

III.    ARGUMENT

Bertera is seeking permission from this Court for leave to amend its Answer in order to assert a counterclaim against the plaintiff. Although Magistrate Judge Neiman determined that Bertera could not assert its counterclaim because it was too late, Bertera requests that this Court reconsider and reverse Magistrate Judge Neiman's ruling in light of the following arguments.

A.    Bertera's Should be Allowed to Assert its Proposed Counterclaim Given that its Inclusion Will Not Prejudice Wolfington.

Bertera should be granted permission to amend its Answer in order to assert a counterclaim against the Plaintiff given that the inclusion of said counterclaim arises from the same defining contract and will not prejudice the Plaintiff. The federal rule governing amendments provides that leave to amend "shall be freely given when justice so requires." F.R.C.P. 15(a). This rule has been interpreted broadly so as to generally allow amendments with a few exceptions. Courts may deny a motion to amend when the proposed amendment is futile. Massachusetts federal courts assess futility by applying the standard applicable to a motion to dismiss for failure to state a claim. *Transwitch Corp. v. Galazar Networks, Inc.*, 377 F.Supp.2d 284, 294 (D.Mass. 2005). So long as "sufficient questions of law and fact exist," a counterclaim will not be considered futile. *Cabana v. Forcier*, 200 F.R.D. 9, 13 (D.Mass. 2001).

Bertera's proposed counterclaim is not futile because it contains sufficient questions of law and fact. Specifically, Bertera's proposed counterclaim alleges that Bertera and Wolfington entered into a series of contracts for promotional sales events at various car dealerships owned by members of Bertera. In return for services rendered by Wolfington, Bertera agreed to pay Wolfington a percentage of the profits that Bertera earned as a result of the promotional sales

events conducted with Wolfington.  Bertera paid Wolfington a percentage of its sales profits at or

near the time that its promotional sales were conducted.  Subsequent to these promotional sales,

Bertera became obligated to pay certain charge-backs.  The payment of these charge-backs

reduced Bertera's overall profits from the promotional sales events.  As a result, the amount of

money that was due to Wolfington from its sales promotions with Bertera was reduced as well.

However, since Wolfington was paid at or near the time of the promotional sales, Wolfington

was overcompensated for its services pursuant to its contracts with Bertera.  To date, Wolfington

has failed to reimburse Bertera the amount by which it was overcompensated.  Thus, Bertera is

seeking to bring a counterclaim against Wolfington for breach of contract.  The sufficient factual

and legal issues raised by Wolfington's failure to reimburse Bertera for the charge-backs

indicates that Bertera's proposed counterclaim is not futile.

      The contractual relationship between Bertera and Wolfington further supports the

viability of Bertera's proposed counterclaim.  In the plaintiff's initial complaint, it alleged three

counts against Bertera for copyright infringement, violation of M.G.L. 93A, and breach of

contract.  The contract count framed a dispute arising from the same terms and conditions which

define the parties' obligations.  Indeed, the entire dispute – whether named as a contract issue or

as a statutory violation – arises out of a relationship which was defined by the contract between

Bertera and Wolfington.

      Another basis upon which a court may deny a request for leave to amend is when

allowance of the amendment would result in undue delay and prejudice.  *See Quaker State Oil*

*Refining Corporation v. Garrity Oil Company, Inc.*, 884 F.2d 1510 (1st. Cir. 1989) (denying

defendant's motion for leave to assert counterclaim on the grounds of defendant's extreme delay

in bringing the counterclaim even though it knew of the underlying facts all along and due to the

fact that a great deal of discovery had taken place without reference to the defendant's new theory, thereby prejudicing the plaintiff).

However, the mere passage of time is insufficient, standing alone, to deny a motion pursuant to F.R.C.P. 15(a). *Expoconsul International, Inc. v. A/E Systems, Inc.*, 145 F.R.D. 336, 338 (S.D.N.Y. 1993); *see Goulet v. Whitin Machine Works, Inc.*, 506 N.E.2d 95, 98 n.3 (Mass. 1987) (stating that in federal court, absent undue prejudice to the opposing party, "delay alone is an insufficient reason to deny amendments"). Consequently, given that delay is only one of the considerations that the courts look at in deciding whether to permit an amendment, delay will not prevent amendment when the proposed amendment does not appear to be futile, there is no showing of bad faith or prejudice, and the amendment would not add significantly to discovery. *See Expoconsul International, Inc.,* 145 F.R.D. at 338 (plaintiff was granted motion to amend complaint to add defendants despite the fact that five years had passed since the case was commenced); *see Resorts & Motel Advancement Devel. Agency, Ltd. v. Sloan*, 160 F.R.D. 449 (D.C.N.Y. 1995) (defendants were entitled to amend answer to assert counterclaims even though motion to amend was asserted more than two years after original answer).

Thus, the mere fact that a considerable amount of time has passed since Bertera filed its Answer is insufficient on its own to warrant a denial of Bertera's request for leave to assert a counterclaim. *See id*. Rather, to justify such a denial, prejudice to Wolfington would have to be shown. However, the circumstances of this case indicate that Wolfington will not be prejudiced by the inclusion of Bertera's counterclaim in the pending litigation.

No prejudice will inure to Wolfington given that it was previously made aware of the charge-back claim. The charge-back issue was addressed in September of 2006 when Bertera's personal counsel raised the issue during a mediation held between the two parties. Bertera's

personal counsel also addressed the charge-back issue in a letter to counsel for Wolfington dated October 25, 2006. *See Exhibit "B"*. Documentation supporting the charge-back claim was attached to the October 25, 2006 letter sent to counsel for Wolfington. Wolfington's counsel acknowledged both receipt of the documents and the fact that he shared those documents with his client. *See Exhibit "C"*. Thus, Wolfington cannot argue that the inclusion of the charge-back issue in the pending litigation will prejudice it in any way.

Furthermore, the inclusion of Bertera's proposed counterclaim in the pending litigation will not require the parties to engage in a "new wave of discovery." *Compare Owens-Illinois, Inc. v. Lake Shore Land Co.*, 610 F.2d 1185 (3rd Cir. 1979) (court dismissed counterclaim filed seven months after the original answer and four days before trial given that it would have set off a new wave of discovery). The parties have already exchanged relevant documents regarding the charge-back claim. Thus, the parties will not need to engage in formal discovery regarding this claim. If, however, the plaintiff determines that it requires more information regarding the charge-back claim, there is ample time for the plaintiff to request whatever information, if any, that it requires from the defendant since discovery has been extended until March 31, 2007.

B. The Promotion of Judicial Economy Militates in Favor of This Court Adjudicating Bertera's Proposed Counterclaim.

      i.   *The Relatedness of Wolfington's Claims and Bertera's Proposed Counterclaim Enables all of the Claims to be Tried Together*

Bertera seeks to assert a breach of contract counterclaim against Wolfington predicated upon charge-backs, for promotional sales that were conducted by Bertera and Wolfington, for which Wolfington has failed to reimburse Bertera. The charge-back issue is predicated on a series of contracts entered into between Bertera and Wolfington which formed the basis for the relationship between them. Although the plaintiff's claims are focused upon certain mailing pieces that the

8

parties used in 2005 and alleged similarities between them, it is clear that the plaintiff's allegations and the basis for the Defendant's counterclaim share many of the same factual issues.

In its original complaint, Wolfington brought a claim against Bertera for breach of contract as it related to an indemnification provision contained in one or more of the contracts entered into between Bertera and Wolfington. Wolfington subsequently withdrew its breach of contract claim. However, Wolfington's initial inclusion of the claim underscores the significance of the contracts entered into between Bertera and Wolfington and their relationship to Wolfington's present claims against Bertera. Therefore, the inclusion of Bertera's proposed counterclaim is related to Wolfington's claims such that its inclusion in the pending litigation will promote judicial economy.

> ii. *Regardless of the Characterization of Bertera's Proposed Counterclaim as Compulsory or Permissive, Rule 13 Bestows Upon this Court the Power to Grant Bertera's Motion for Leave to Amend its Answer to Assert a Counterclaim*

Although the parties addressed the proper characterization of Bertera's counterclaim before Magistrate Judge Neiman, the proper characterization of Bertera's counterclaim, as permissive or compulsory, is not determinative in relation to the analysis regarding Bertera's request for leave to assert its counterclaim. Rather, the characterization of Bertera's counterclaim tends to influence a court's decision to grant leave to amend. "When [the counterclaim] is permissive and the amendment will not prejudice the opposing party, the court will be guided primarily by the general policy of Rule 13 of promoting the economical settlement of all existing disputes between the parties in one action." 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane*, Federal Practice and Procedure* § 1430 (1990).

Alternatively, "when the omitted counterclaim is compulsory, the reasons for allowing its introduction by amendment become even more persuasive, since an omitted compulsory counterclaim cannot be asserted in subsequent cases (at least in federal courts) and the pleader

will lose the opportunity to have the claim adjudicated." *Id.*; *Cabana v. Forcier*, 200 F.R.D. 9, 13 (D.Mass. 2001) (holding that "the requested amendments will not result in undue delay or prejudice to Cabana because the new counterclaims arise out of the same facts that form the basis of his claims. For that reason, the counterclaims are compulsory, *see* Fed.R.Civ.P. 13(a), and thus must be asserted or waived in subsequent cases"). Thus, a court may grant leave to amend a counterclaim regardless of whether that counterclaim is characterized as compulsory or permissive.

      iii.    *This Court's Supplemental Jurisdiction Enables it to Entertain Bertera's Counterclaim*

Maintaining the charge-back issue in this case, and in this Court, will neither divest nor disrupt this Court's exercise of jurisdiction. This court has the power to exercise jurisdiction over Bertera's proposed counterclaim through the exercise of its supplemental jurisdiction. Pursuant to 28 U.S.C. §1367(a), "in any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The plaintiff's copyright infringement claim bestows this court with subject matter jurisdiction predicated upon a federal question. That anchor thus permits this Court to entertain Bertera's breach of contract counterclaim given that the claim is part of the same case or controversy.

      iv.    *Permitting the Defendant to Assert its Breach of Contract Claim in the Pending Litigation Would Prevent the Parties From Having to Engage in Duplicative Discovery in a Separate Action*

The inclusion of this counterclaim in the pending litigation will further promote judicial economy by preventing the parties from having to file a separate action and engage in formal discovery all over again. Such a process would force the parties to engage in a substantial duplication of time and effort. The parties have already exchanged and examined information

regarding the charge-back issue.  Thus, if Bertera is required to bring its breach of contract claim in a separate action, the parties will be obligated to engage in formal discovery all over again in order to formally obtain documents that they have already received.

IV.     CONCLUSION

WHEREFORE, the Defendant, Bertera Chevrolet, Pontiac, Buick, Inc. respectfully requests that this Court grant it leave to amend its Answer to assert a counterclaim against the Plaintiff, and to grant such other and additional relief as is just and proper.

**BERTERA CHEVROLET, PONTIAC, BUICK, INC.**
By its attorney,


s/John A. Kiernan
John A. Kiernan, (BBO No. 271020)
Bonner, Kiernan, Trebach & Crociata, LLP
One Liberty Square, 6th Floor
Boston, MA 02109

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| THE WOLFINGTON GROUP, | ) | CIVIL ACTION NO. 05-30202-MAP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| BERTERA CHEVROLET, PONTIAC, | ) | |
| BUICK, INC., | ) | |
| | ) | |
| . Defendant. | ) | |
| | ) | |

### DEFENDANT, BERTERA CHEVROLET, PONTIAC, BUICK, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

The Defendant, Bertera Chevrolet, Pontiac, Buick, Inc. ("Bertera") responds to the numbered paragraphs of the Complaint as follows:

1. Admitted.

2. Admitted.

3. Admitted to the first sentence of paragraph three, denied as to the remainder.

4. Admitted.

5. Admitted.

6. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph six of the Complaint.

7. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph seven of the Complaint.

8. Admitted.

9. Admitted as to the first sentence of paragraph nine.  Denied as to the remainder of the paragraph as there is no Exhibit A attached to the Complaint.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph fourteen of the Complaint.

15. Admitted.

16. Admitted as to the first sentence of paragraph sixteen. Denied as to the remainder of the paragraph as there is not an Exhibit C attached to the Complaint.

17. Denied.

18. Denied as stated. In November of 2003, Metro Jeep Chrysler (a member of the Bertera group of dealerships located in Springfield, MA) distributed or caused to be distributed a promotional mailing piece that was not substantially similar to the Wolfington Mailing Piece.

19. Admitted.

20. Admitted.

21. Denied.

22. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph twenty-two of the Complaint.

23. Denied.

<u>COUNT I</u>
(Copyright Infringement)

24. Defendant incorporates by reference its responses to paragraphs one through twenty-three of the Complaint.

25. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph twenty-five of the Complaint.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

COUNT II
(Violation of Massachusetts Consumer Protection Act, M.G.L. ch 93A)

33. Defendant incorporates by reference its responses to paragraphs one through twenty-three of the Complaint.

34. Admitted.

35. Admitted.

36. Denied.

37. Denied.

38. Denied.

AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

SECOND AFFIRMATIVE DEEFENSE

Plaintiff has suffered no harm nor is there a likelihood of harm.

THIRD AFFIRMATIVE DEFENSE

Plaintiff's copyright infringement claim is barred by the doctrine of scenes a faire.

    WHEREFORE, the Defendant respectfully requests judgment for the Defendant with costs and interest and other such remedies which the Court deems just.

## DEFENDANT'S COUNTERCLAIM

As for its counterclaim, Defendant states the following:

### Parties

1. The Bertera Group ("Bertera") is a corporation organized and existing under the laws of the Commonwealth of Massachusetts.

2. The Wolfington Group ("Wolfington") is a business corporation duly organized and existing under the laws of the State of Maine, with its principal place of business in Augusta, Kennebec County, Maine.

### Jurisdiction and Venue

3. This court has jurisdiction over the subject matter of this Counterclaim pursuant to 28 U.S.C. §1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and (c), and 28 U.S.C. §1400(a), because the events giving rise to the claim occurred in this district.

### Facts

5. For several years, Wolfington and Bertera entered into a series of contracts in which Wolfington agreed to run promotional sales events at various car dealerships owned by members of Bertera.

6. In return for services rendered by Wolfington, Bertera agreed to pay Wolfington a percentage of the profits that Bertera earned as a result of the promotional sales events conducted with Wolfington.

7. Bertera paid Wolfington that percentage at or near the time that its promotional sales were conducted.

8. Subsequent to these promotional sales, Bertera became obligated to pay certain charge-backs, which in turn reduced Bertera's profits that it made from the promotional sales conducted with Wolfington.

9. As a result, the profits that Bertera earned from its promotional sales were decreased.

10. Consequently, the amount that Wolfington was owed pursuant to its contracts with Bertera was also decreased.

11. However, since Wolfington was paid at or near the time of the promotional sales, Wolfington was overcompensated for its services pursuant to its contracts with Bertera.

12. Wolfington is contractually obligated to reimburse Bertera for the overpayments.

13. To date, Wolfington has failed to reimburse Bertera the amount by which it was overcompensated.

COUNT I
(Breach of Contract)

14. Defendant repeats and realleges the allegations contained in paragraphs one (1) through thirteen (13) above as though fully set forth herein.

15. Wolfington has breached the conditions of its various contracts with Bertera by failing to reimburse Bertera for those amounts for which it was overcompensated.

16. Bertera has suffered actual damages as a result of Wolfington's breach of contract in the amount of $174,000.

WHEREFORE, the Defendant respectfully requests judgment for the Defendant in the amount of $174,000, in addition to costs and interest and other such remedies which the Court deems just.

**BERTERA CHEVROLET, PONTIAC,
BUICK, INC.**
By its attorney,


s/John A. Kiernan
John A. Kiernan, (BBO No. 271020)
Bonner, Kiernan, Trebach & Crociata, LLP
One Liberty Square, 6th Floor
Boston, MA 02109

# EXHIBIT B



Frank A. Caruso
Mahsa Khanbabai
Brian G. Shea
Christopher J. Brown

**MULBERRY**
L A W   G R O U P

127 Mulberry Street
P.O. Box 30058
Springfield, MA 01103-0058
Telephone (413) 732-3320
Facsimile (413) 781-8553
*www.mulberrylawgroup.com*

October 25, 2006

Alfred C. Frawley, Esquire
One City Center
P. O. Box 9546
Portland, ME 04112-9546

Re:    The Wolfington Group vs. Bertera Chevrolet, Pontiac, Buick, Inc.

Dear Fred:

Enclosed are the statements showing the chargebacks to Bertera Chevy's account with
GMAC between March 2002 and August 2006.  As I mentioned, the items highlighted in
yellow directly correspond to dates on which Wolfington conducted sales events at
Bertera.  The ones in green are dated immediately before or after such sales events, and
thus may have occurred during these sales events.

The chargebacks in yellow total $138,832.57; the ones in green total $35,181.24.

Confirming our discussion  concerning your discovery responses, you have agreed to
provide the following within two weeks:

1.    The identifying information (court, case name and number) for other
      copyright infringement litigation involving Wolfington's mailing piece;
2.    The actual mailing piece that was registered with the Copyright office; and
3.    Complete information and back-up documentation concerning the damages
      claimed by Wolfington, to supplement and complete your client's answers
      to Interrogatories 8 and 14 and its responses to Requests 6, 7 and 12 of the
      Defendant's Request for Production of Documents.

Finally, please forward the stipulation of dismissal of the indemnification count for filing
with the court.

Sincerely yours,

Christopher J. Brown, Esquire.

Enclosures

Cc:    Mr. Brian Yarrows

# EXHIBIT C

**PretiFlaherty**

ALFRED C. FRAWLEY
afrawley@preti.com
Direct Dial: 207.791.3215

November 1, 2006

Christopher J. Brown, Esq.
Mulberry Law Group
127 Mulberry Street
P.O. Box 30058
Springfield, MA 01103

> **RE:    THE WOLFINGTON GROUP V. BERTERA CHEVROLET, OLDSMOBILE, PONTIAC, BUICK, INC., ET AL.**

Dear Mr. Brown:

I have received the materials related to the chargeback issue you have raised, and have shared them with my client. We are unimpressed. The transactions are overbroad, both as a factual or legal matter. My client has instructed me to inform you that if you wish to pursue the chargeback issue, you are free to file a separate legal action – it has no place in the pending copyright infringement action.

We will, therefore, be preparing the current action for trial. Should Bertera wish to make a realistic offer for settlement of the pending matter, please convey it, and I will pass it along to my client.

Very truly yours,

Alfred C. Frawley

ACF/bgl
cc:    Harold Wolfington
       Roy T. Pierce, Esq.

1172133.1

**Preti Flaherty Beliveau & Pachios LLP**    Attorneys at Law

One City Center  |  Portland, ME 04101  |  TEL 207.791.3000  |  FAX 207.791.3111  |  Mailing address: P.O. Box 9546  |  Portland, ME 04112-9546

Augusta        Bath        Boston        Concord        Portland                                          www.preti.com