UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE WOLFINGTON GROUP, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BERTERA CHEVROLET, PONTIAC, )<br>BUICK, INC., )<br>)<br>Defendant. ) | Civil Action<br>Docket No. 05-30202-MAP |

**PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANT'S MOTIONS TO FILE A COUNTERCLAIM AND TO OTHERWISE AMEND ANSWER**

Plaintiff, The Wolfington Group, hereby opposes Defendant's late attempts to amend its Answer to the Complaint to assert a counterclaim against Plaintiff and to amend its Answer to alter its response to Paragraph 18 of Plaintiff's Complaint.

Defendant seeks to amend its Answer in two material respects: (1) to amend its response to Paragraph 18 of the Complaint, and (2) to add a counterclaim on the extraneous issue of "chargebacks" which it believes is owing from Plaintiff as a result of their prior contractual relationship. Since these belated requests to amend pleadings long since closed raise similar issues, Plaintiff respectfully submits this consolidated opposition pleading.

**I.   DEFENDANT MISSTATES THE APPLICABLE LEGAL STANDARD**

In each Motion, Defendant asserts that its request should be granted since Plaintiff will not be prejudiced. This argument ignores the current status of the case. This case has been governed by a scheduling order entered by the Court. The scheduling order, entered on January

1198073.5

18, 2006, ordered that "All motions to amend the pleadings shall be filed by February 1, 2006." (Scheduling Order, January 18, 2006, par. 1).

In order to obtain relief from the requirements of a scheduling order, a party must show good cause. This is a higher standard than the less rigorous requirement of Rule 15(a), Fed. R. Civ. P. Riofrio Anda v. Ralston Purina, Inc., 959 F.2d 1149, 1154-55 (1st Cir. 1992) (motion to amend complaint two months after time set out in scheduling order not controlled by Rule 15(a), but rather by good cause requirement); *see also* Leary v. Daeschner, 349 F.3d 888, 909 (6th Cir. 2003) (once a scheduling order's deadline passes, a party must show good cause under Rule 16(b), Fed. R. Civ. P.).

This approach was reinforced by the U.S. Court of Appeals for the First Circuit in O'Connell v. Hyatt Hotels, 357 F.3d 152 (1st Cir. 2004). In O'Connell, Plaintiff's motion to amend the complaint after the time required in the pretrial scheduling order was denied by the District Court, which was, in turn, affirmed on appeal.

The First Circuit discussed the differing needs at issue, contrasting the so-called "freely given" standard of Rule 15(a) to the good cause showing required for an amendment in conflict with a Rule 16 scheduling order. The Court discussed it as follows:

> Rule 16(b)'s "good cause" standard emphasizes the diligence of the party seeking the amendment. Prejudice to the opposing party remains relevant but is not the dominant criterion. "Indifference by the moving party" seals off this avenue of relief irrespective of prejudice because such conduct is incompatible with the diligence showing good cause.

357 F.3d 152, at 155 [internal citations omitted].

1198073.5

Defendant's own motion demonstrates the indifference of Defendant to these issues prior to the appearance of new counsel. Defendant is bound by the action of its prior counsel. O'Connell, *supra*, quoting Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1988).

**II.    THERE IS NO GOOD CAUSE TO ALLOW AN AMENDMENT TO PARAGRAPH 18 OF THE ANSWER**

This action was filed in September 2005, and has been pending before this Court nearly 18 months. Paragraph 18 of Plaintiff's Complaint states that "In November 2003, Metro Jeep Chrysler, a member of the Bertera group of dealerships located in Springfield, Massachusetts, distributed or caused to be distributed a promotional piece (the "Metro Piece") similar to the Plaintiff's mailing piece without Plaintiff's authorization. Plaintiff immediately brought this matter to the Defendant's attention."

In its original Answer to Paragraph 18, Defendant admitted this allegation. Defendant now seeks to change that.

The fact that substitute counsel has entered the case and chooses to raise an issue after two successor former counsel representing Defendant in all respects declined to raise the issue, renders this too little, too late.

**III.    THERE IS NO GOOD CAUSE TO ALLOW A COUNTERCLAIM**

Defendant seeks to include a completely extraneous claim as part of this federal litigation. The question of so-called "chargebacks" which has been discussed, but never plead by Defendant, ought not be a part of this case. Injecting an entirely new matter via a counterclaim will not only prejudice Plaintiff but will render the pretrial stage of this case superfluous.

1198073.5

Defendant's proposed counterclaim is futile because it contains no questions of law or fact which relate to the underlying claim in this case. Defendant is free to bring its claim in State Court should it choose to do so, and this late-considered claim should not be allowed.

As the pleading in support of the Motion to Amend demonstrates, this potential claim was discussed in mid-2006 and, in fact, was presented as a position of Defendant during the course of the mediation between the parties in September 2006. Given the fact that it was not part of the case and has never been part of the case, Plaintiff declined to put any value on the claim as part of the mediation. Unfortunately, Defendant did. As a result, the mediation foundered. To inject an entire new issue into the case after discovery has closed, would prejudice Plaintiff and unnecessarily complicate this matter.

This issue was raised previously by Attorney Brown, then counsel for the Defendant, in a scheduling conference before Magistrate Judge Neiman on July 26, 2006. At that time, Defendant sought leave to amend its Answer to include the so-called chargeback counterclaim and Plaintiff opposed the request to do it. The Magistrate Judge declared that the pleadings were closed and that no further claims could be, or should be, entered in this case at this time.

It is manifest that, even under the less rigorous Rule 15 standard, good cause could not be shown where the proposed counterclaim injects new complex issues of law. In <u>General Electric Co., et al. v. Chien-Min Sung, et al.</u>, 1993 U.S. Dist. Lexis 1155 (D. Mass. 1993), this court disallowed a late attempt to add a counterclaim, noting considerable delay and the fact that the claims could be brought in a separate action. The same conditions apply here.[1]

---

[1] In fact, delay has been so considerable that Plaintiff believes that substantially all of the claims for so-called chargebacks would be barred by the applicable statute of limitations.

4

1198073.5

## IV.  CONCLUSION

In short, Defendant should not be allowed to amend its pleadings, whether changing answers or adding a counterclaim.  Defendant has not addressed the applicable standard, and its conduct falls far short of the good cause necessary to allow it to transform this case at this late date.

No judicial economy will be promoted; in fact, the case will be unnecessarily complicated and a side issue involving unrelated financial disputes which were only recently articulated by the Defendant will cause this case to be delayed unnecessarily.  Accordingly, Plaintiff strongly opposes the request to Amend the Answer to assert the so-called chargeback counterclaim.

Dated:  February 20, 2007                    Respectfully Submitted,


_____/Alfred C. Frawley/\_\_\_\_
Alfred C. Frawley
Roy T. Pierce
Preti Flaherty, LLP
One City Center, P.O. Box 9546
Portland, ME 04112-9546
(207) 791-3000
(207) 791-3111 [fax]
afrawley@preti.com

*Counsel for Plaintiff*
*The Wolfington Group*

5

1198073.5